## TOWNSEND v. TOWNSEND.

### No. 12647.

Court of Civil Appeals of Texas. Dallas.

April 9, 1938.

Andrew V. Allison, of Dallas, for appellant.

Garland Armstrong, of Dallas, for appellee.

YOUNG, Justice.

This appeal follows a refusal by the trial court upon hearing to grant a temporary injunction. On March 30, 1937, appellee filed suit for divorce against appellant, on grounds of cruelty, with additional allegations relating to the minor child of the parties, M. W. Townsend, Jr., age eight, praying for the custody of said child, with provision for support.

Upon a waiver of process by appellant (defendant below) the case was heard by the Honorable Claude M. McCallum, judge of the One Hundred First district court of Dallas county, and on May 1, 1937, a judgment of divorce was granted, the custody of the minor child being awarded to plaintiff (appellee) Mrs. Townsend. The issue of support for said child, under the provisions of article 4639a, Vernon's Ann. Civ.St., was not considered by the trial court nor determined in said judgment.

Referring to the parties as in the trial court, the record shows that, on December 10, 1937, plaintiff Mrs. Townsend filed a motion or application under the style of the original cause, praying that defendant be required to pay a fixed amount each week or month for the child's support, and that the original divorce judgment be amended to such effect. M. W. Townsend (defendant) in his answer resisted such application, alleging the finality of the original judgment, with no subsequent change of conditions; that the plaintiff had attempted to have an order for support included therein, which the court, in its discretion, did not see fit to do. Plaintiff's financial ability to support the child of which she had custody, and defendant's inability to do so beyond the sum of $10 per month, which he had been contributing under the order of the Dallas county grand jury, was also alleged. Said defendant further prayed that plaintiff, take nothing by. said motion, or, in the alternative, that custody of the child be awarded to him. Mr. Townsend, at the time, was employed with the H. O. L. Corporation at $100 per month, and was earning $90 per month at the time of the divorce suit.

Upon a hearing, the judgment of May 1, 1937, was amended and modified and defendant ordered to pay $30 per month to the support of the minor child, the same to be payable $7.50 per week, beginning December 11, 1937, and continuing until further orders of the court. Failure of defendant to make such payments was followed with threat of contempt proceedings, and an independent suit for injunction to restrain the enforcement of this support order as being void was filed and consolidated with the above motion for support. Upon hearing, a temporary injunction was refused by the trial court, and this appeal resulted.

The assignments and propositions of defendant may be grouped under three phases and discussed together. He urges (1) the want of jurisdiction of the district court to render judgment ordering him to make periodical payments for the support of his minor child in an action independent of a pending divorce suit, custody having been adjudicated at the time of the divorce decree; (2) the decree of divorce awarding custody of the child to Mrs. Townsend, being silent as to any allowance for support, was a final judgment and res adjudicata concerning these matters; and failing to show any substantial change in condition or circumstances of the parties, such judgment could not be altered or amended in an independent action; and (3) the support order was excessive, inconsistent with the pleadings and evidence, and impossible of performance.

 The provisions of article 4639a, Vernon's Ann.Civ.St., are quite familiar and need not be here set out. Before such statute became effective in March, 1935, it was well-settled law that a district court was without power to require payment by a husband for support of the children of the marriage, beyond the date of judgment in the divorce action (Cunningham v. Cunningham, 120 Tex. 491, 40 S.W.2d 46, 75 A.L.R. 1305), except in a proceeding involving both custody and support, as illustrated in Bemus v. Bemus, writ refused, 63 Tex. Civ.App. 148, 133 S.W. 503. In the last-named case it was held that payments for support could be made a charge against the property of the father, a personal judgment against such parent for specific sums in the future not being authorized. It is evident that this statute was passed to supply nonexistent judicial power, as pointed out in the Cunningham Case, concerning enforcement of moral and quasi legal obligations of parents after divorce as to their children. It has been held constitutional. Ex parte Birkhead, 127 Tex. 556, 95 S.W.2d 953, 954. The statute by its terms cannot be availed of to enforce child support following judgments that were final and subsisting prior to the date of its enactment, Smith v. Givens, Tex.Civ.App., Dallas, 97 S.W.2d 532; but comes into full force and effect in subsequent divorce actions, by reason of the continued control given to the district court over such decrees in the matter of support of minor children. The terms of the article in question, referring directly to the support of children of the marriage under sixteen years of age, are: "Said Court shall have power and authority to alter or

change such judgments, or suspend the same, as the facts and circumstances and justice may require," etc. The statute contemplates an affirmative disposition of the support issue on the hearing for divorce; however, under the provisions just quoted, failure at such time of the trial court to make a finding as to support does not preclude a later finding thereon in an ancillary proceeding, after notice. Even if the trial judge, at the time of the divorce, in his discretion and after examining the financial circumstances of the defendant, had denied the prayer for support, the judicial power clearly existed, under proper procedure, to thereafter alter such recital and make suitable provision. It follows, logically, that the failure of the trial court originally to dispose of this element of the case does not disable him to later fix such an amount as circumstances and justice might require. Not only is the court so empowered under this act, but in doing so he is in the performance of a clear statutory duty. Had the court below expressly found one way or the other on this particular feature, at the time of the divorce hearing, we venture to say this appeal would not have been taken. We suggest this method as the better practice and in keeping with the plain reading and practical application of the law.

▄▄▄ Appellant further invokes the doctrine of res adjudicata, the judgment of May 1st being silent as to the allowance for support, under the well-settled rule that a final judgment is conclusive, not only of the issues actually litigated, but of all issues properly involved in those actually litigated, or which should have been litigated. 26 Tex.Jur., Judgments, § 419. This principle applies with full force to the parties thereto (plaintiff and defendant), but, in view of the statute above discussed, it cannot be said to apply to the independent, distinct, and statutory rights of the minor, M. W. Townsend, Jr., and is not final as to him. Judgments are indeed binding and res adjudicata as to later and similar issues between the parties and their privies; privity being defined as the mutual or successive relationship to the same rights of property; and not to any claim or right independent of property, such as is possessed by the minor here. 26 Tex.Jur., supra, § 463.

▄▄▄ The terms of the support order of $30 per month, payable $7.50 per week, is susceptible of performance, though the defendant contends otherwise. The material finding of the court was as to the monthly sum, payable in such weekly installments as would aggregate $30 each calendar month.

Referring again to article 4639a, Vernon's Ann.Civ.St., we believe our construction above given is in keeping with the language of Judge Critz, in Ex parte Birkhead, supra, where he said: "When we carefully examine this act, we find that the part thereof which authorizes the district court to compel the spouses to contribute to the support of their children until such children reach the age of sixteen years does not even contemplate a final judgment. To the contrary, the statute expressly confers upon the district court the right to retain jurisdiction of such matter until the children reach the above-mentioned age. In this regard, the court is given the power and authority to alter, change, and suspend such orders as the facts and circumstances and justice may require."

Also see Bowyer v. Bowyer, Tex.Com. App., 109 S.W.2d 741, 742, where it is implied that similar proceedings would have been upheld, had this statute been available. We overrule all assignments presented and affirm the judgment of the trial court, denying the temporary injunction.

Affirmed.