## LANE et ux. v. MANGUM.
### No. 11879.

Court of Civil Appeals of Texas. Galveston.
July 17, 1947.

Joe Entzminger, of Bay City, for appellants.

No appearance for appellee.

CODY, Justice.

Four children were born of the former marriage between Mrs. Lane and John J. Mangum. The oldest child was eleven years of age. Mrs. Lane and her present husband brought this suit against her former husband to have the custody of the children formally awarded to them, and to obtain an order from the court requiring Mangum to make fixed periodical contributions to the support of his four children.

While they were married defendant and Mrs. Lane resided in Matagorda County. During the time defendant resided in Reno, Nevada, Mrs. Lane continued to reside in Matagorda County, and the children lived

with her. While in Nevada defendant obtained a divorce from Mrs. Lane in the fall of 1946. The decree of divorce was silent as to the custody of the children, and made no provision for their support. Subsequent to obtaining the divorce defendant returned to Matagorda County, where he now makes his home. Defendant, as well as Mrs. Lane, has remarried.

The court, trying the proceeding without a jury, awarded the custody of the children to plaintiffs, but found there are no laws in Texas which would authorize a judgment ordering defendant to contribute a fixed monthly sum for the support of his children, and so refused to make any such order. From so much of the judgment as refused to award an order for the support of the children, plaintiffs have appealed. No conclusions of fact or law were requested, and none were filed. Plaintiffs predicate their appeal upon the following point:

"This case should be reversed because the court erred in denying the plaintiffs' prayer for support and maintenance of the minor children by defendant, the father of said minors, in an independent action for the custody of said minor children."

We are constrained to overrule plaintiffs' point.

### Opinion.

■ When this cause was submitted in this court, neither of the parties appeared for oral argument, and defendant has failed to file a brief herein. However, notwithstanding the provisions of Rule 419, Texas Rules of Civil Procedure, because this is a custody and support case, we have deemed it proper to examine the record, including reading the statement of facts.

■ It is the settled law of this State that the primary duty to support children rests upon their father, and that this primary duty continues to rest upon the father after a divorce and the loss of the right of the custody. Gulley v. Gulley, 111 Tex. 233, 241, 231 S.W. 97, 14 A.L.R. 564. This is true whether the decree of divorce is silent as to custody and maintenance, or whether the custody is awarded to the mother. Id. 111 Tex. at page 239, 231 S.W. 97, 15 A.L.R. 564.

■ Prior to the effective date of Vernon's Ann.Civ.St. Article 4639a, which was in March, 1935, this liability to support his children could not be enforced against the father, at least in a civil proceeding, after the decree of divorce became final, by a court order requiring the father to make fixed periodical contributions. He was liable of course for necessaries furnished his children. Furthermore, if the father possessed revenue bearing property, it was subject to being impounded and the revenue to the extent found by the court as proper could be ordered applied to the support of the children. See Cunningham v. Cunningham, 120 Tex. 491, 40 S.W.2d 46, 75 A.L.R. 1305; Bemus v. Bemus, 63 Tex.Civ.App. 148, 133 S.W. 503 (writ refused); Townsend v. Townsend, Tex.Civ.App., 115 S.W. 2d 769. So, such power as the court below possessed to order defendant to make fixed periodic contributions to his children's support must be found in Article 4639a.

■ We are here concerned only with the court's power to order the father to make fixed periodical contributions to his children's support, and Article 4639a is to be here construed only with reference to that issue. By its terms the court which grants the decree of divorce is required to determine the father's ability to support his children, who are under sixteen years old; and in this connection it is to be observed that the court is vested by the statute with what might be termed inquisitorial powers. If the court fails to enter an order requiring the father to make fixed periodical contributions, after granting the divorce, then later, in an ancillary proceeding, he may make such an order, for the jurisdiction over the issue is a continuing one with reference to the children under sixteen years of age. Townsend v. Townsend, supra. The court may also, by an ancillary proceeding, upon notice, alter the order with reference to the issue of support as justice may require.

■■ While we do not question that a predominant purpose of the legislature in enacting the statute was to empower the courts to order the parents to support their children, yet the statute marks out the manner in which this power shall be ex-

ercised. The statute is carefully drawn, and it does not readily appear in what respects it can be improved upon. The petition for divorce must apprise the court of the children for whose support provision should be made. And the jurisdiction over the issue of support is made a continuing one. But the scope of the statute is not broad enough to embrace an independent suit brought for custody and to force the father to support his children. And, except where the divorce has been granted in a foreign jurisdiction, the occasion for an independent civil suit to enforce support cannot arise. Only the legislature can provide legislation which would empower the courts in an independent civil suit for the custody of the children to order the father to make fixed periodical contributions for their support, and this has not been done. If it can be said that the facts of this case expose a loophole in Article 4639a, the remedy lies with the legislature.

The judgment of the court must be sustained, and it is so ordered.

Affirmed.