**Flint DU PRE, Appellant,**

v.

**Ruth DU PRE, Appellee.**

**No. 14849.**

Court of Civil Appeals of Texas. Dallas.

Oct. 1, 1954.

Samuel Donosky, Dallas, for appellant.

Burt Barr, Dallas, for appellee.

CRAMER, Justice.

This is an appeal from a judgment modifying and changing the provision of a prior order for child support until the time the child reaches the age of sixteen years, so as to require appellant Flint DuPre to pay child support at the same rate as theretofore set until the child reaches the age of eighteen years. The trial court filed findings of fact and conclusions of law as follows:

"I find that the plaintiff and defendant were duly and legally married the 27th of April, 1936, and lived together as husband and wife until about the 1st of September, 1939; I find that one child Daniel Flint DuPre was born on January 7, 1938. On January 5, 1940, a judgment was entered granting the plaintiff a divorce from the defendant and giving the plaintiff the custody of the child; which judgment was recorded in Volume J, Page 586 of the Minutes of this Court; which judgment gave the plaintiff the custody of the child but made no finding as to child support.

"On November 17, 1948, the plaintiff filed a motion to require the defendant to pay child support and an order was entered requiring the defendant to pay $75.00 per month child support; which order is recorded in Volume T, Page 149 of the minutes of this Court.

"I find that the said minor child is under the age of eighteen years and needs support.

"I find that the defendant, the father is capable of supporting said child.

"Conclusion of Law: That the Amendment passed by the 53rd Legislature, Page 439, Chapter 137, Paragraph 1, being Article 4639a, applies to the parties in this case and that the father should support the said child until he reaches the age of eighteen years."

This appeal from the district court judgment has been perfected, appellant Flint DuPre here briefing three points of error, in substance: (1) Error in holding the 1953 amendment to art. 4639a, R.C.S. Vernon's Ann.Civ.St. art. 4639a, is applicable to the support order made prior to the effective date of the amendment; (2) error in finding and holding that the minor needs support in the absence of any allegations and evidence in support thereof; and (3) in finding and holding that the father is capable of supporting the child absent allegations and evidence in support thereof.

Appellee Ruth DuPre counters such points by one point, in substance, that the order requiring appellant "to support his minor son until he reaches 18 years of age is not retroactive or retrospective."

■ Point 1 cannot be sustained. The amendment does not give an additional right, but only an additional remedy. The father's liability for his child's support is continuing until the child attains his majority. The remedy for the collection of such legal liability of the father, provided for in the amended article, imposed no new legal liability on the father, but merely provided a more effective remedy or means of enforcing the existing legal liability.

■■ While it is true that vested rights may not be destroyed or impaired, "'A right cannot be considered a vested right, unless it is something more than such a mere expectation as may be based upon an anticipated continuance of the present general laws; it must have become a title, legal or equitable, to the present or future enjoyment of exemption of a demand made by another.'" McCutcheon & Church v. Smith, Tex.Civ.App., 194 S.W. 831, 834, quoting Cooley, Const.Lim.; also, 9 Tex. Jur. 528, Const.Law, sec. 95; see also, 9 Tex.Jur. 531, Const.Law, sec. 98, where it is stated: "No one has a vested right in a remedy which is accorded by the law, or in the rules of evidence. 'A person has no vested right in any particular remedy, and he cannot insist on the application to the trial of his case, whether civil or criminal, of any other than the existing rules of procedure. Statutes making changes in the remedy or procedure are always within the discretion of the lawmaking power, and are valid so long as they do not deprive the accused of any substantial right, or conflict with specific and applicable provisions of the state or federal Constitution.'"

Appellant in his reply brief states: "Nowhere in Article 4639a is there even

the remotest suggestion that the Legislature intended to extend the trial court's jurisdiction in child support matters for an additional 2 years' period of time or that the status of children of previously granted divorces be affected."

The caption to Chapter 127 General and Special Laws, 53rd Legislature, Senate Bill 101, is as follows: "An Act amending Section 1 of Acts of the 44th Legislature, 1935, Chapter 39, page 111, as amended by subsequent sessions of the Legislature, and as codified as Section 1, of Article 4639a, Vernon's Civil Statutes of Texas, so as to raise the age from sixteen (16) to eighteen (18) years for which the court may require a parent to contribute to the support of a minor child upon the granting of a divorce; repealing all laws in conflict herewith; providing a saving clause; and declaring an emergency." And the last section, section 3 thereof, is as follows: "The fact that minor children are only required to be supported until they reach sixteen (16) years of age, which age should be raised to eighteen (18) years, creates an emergency and an imperative public necessity that the Constitutional Rule requiring that bills be read on three several days in each House be suspended; and the same is hereby suspended, and that this Act shall take effect and be in force from and after its passage, and it is so enacted."

■ The caption and section 3, above quoted, when considered with all other provisions, in our opinion evidence the intention of the Legislature to extend the amendment to all children then under 18 years of age, and not to only that portion of children whose parents secure divorces after the enactment of such amendment, art. 4693a, in 1953.

■ In our opinion the statute does not act retrospectively. The child here was not 16 at the time the order was entered. The right to support under the general law thereon existed at the time of the amendment to the statute. The order involves not a period of time in the past, but a period of time then in the future. Neither did the court lose jurisdiction of the question of support for the child before the amendment, since under Article 4639, R.C.S. such jurisdiction existed at the time of the amendment, art. 4639a, and at the time of the last order here appealed from. Point 1 is overruled.

Points 2 and 3 raise questions as to the lack of evidence to support the finding of the minor's needs and that the father is capable of furnishing support for the child.

■ It appears that the only question before the court involved the right of the mother to receive child support. The reasonable amount thereof had been theretofore found by the trial court, as evidenced by his prior order. Such prior order, or the facts upon which it was based, was not challenged by appellant. There is a presumption that facts once established are to continue until attacked, modified, or set aside by order, or rebutted by evidence which is consistent therewith. Martinez v. Gutierrez, Tex.Com.App., 66 S.W. 2d 678, 679, syl. 9, opinion by Justice Smedley.

Especially is this so in the case now before us, since the appellant was under order to pay $75 per month ($37.50 each 1st and 15th) at the time of the hearing and entry of the order here appealed from and the modification here involved only whether the support order be effective until the child reached 16, or 18 years of age.

■ In addition to the above, the order is subject to change from time to time as conditions might change; and until some action is taken on the part of appellant to show such change of conditions since the prior order, the child support should and will continue at the figure last set by the court. Points 2 and 3 are overruled.

Finding no reversible error in appellant's points, the judgment below is

Affirmed.