**M. D. McGOWEN, Appellant,**

v.

**Martha Gladys McGOWEN, Appellee.**

**No. 15573.**

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 26, 1954.

Rehearing Denied Dec. 31, 1954.

Dabney & Dabney, and Allen D. Dabney, Eastland, for appellant.

Walter A. Cober and David Wüntch, Grand Prairie, for appellee.

BOYD, Justice.

On May 26, 1952, a divorce was granted appellee Martha Gladys McGowen against appellant M. D. McGowen. Custody of a daughter under the age of sixteen years was awarded to appellee, and appellant was ordered to make periodical child support payments to appellee until the child shall have reached the age of sixteen years, or until further ordered by the court. The child became sixteen on February 13, 1954. Appellant made all payments up to and including that for February, 1954. On March 4, 1954, appellee filed a motion asking that the support order be amended so as to require appellant to make support payments until the child should attain the age of eighteen years. The motion was granted and such order entered. This is an appeal from that order.

Appellant's only point is that the court erred in holding that it had jurisdiction to hear and determine the motion, the contention being that the provisions of Chapter 127, General and Special Laws, 53rd Legislature, amending Section 1 of Article 4639a, Vernon's Ann.Civ.St., so as to raise the

age from sixteen to eighteen years for which the court may require a parent to contribute to the support of a minor child upon the granting of a divorce, are not applicable to the case because the child had attained the age of sixteen years before the motion was filed, and that the court lost jurisdiction to continue or amend the support order when the child became sixteen.

Before its amendment by the 53rd Legislature, the effective date of the amendment being August 25, 1953, Section 1 of Article 4639a provided that the court granting a divorce may direct either parent to make periodical payments for the support of children of the marriage "until same have reached the age of sixteen (16) years," and "Said Court shall have power and authority to alter or change such judgments, or suspend the same, as the facts and circumstances and justice may require, * * *." Such section conferred upon the court continuing jurisdiction to modify its order as to child support. Ex parte Webb, Tex.Sup., 266 S.W.2d 855; Williams v. Williams, Tex.Civ.App., 183 S.W.2d 260; Yeagle v. Bull, Tex.Civ.App., 235 S.W.2d 226.

The only change in the reading of the Section which the amendment effected was in placing "eighteen (18)" where "sixteen (16)" had been.

Appellant insists that on the authority of Ex parte Birkhead, 127 Tex. 556, 95 S.W.2d 953, 955, we must hold that the jurisdiction of the court to order support payments was exhausted when the child reached the age of sixteen years. In the cited case we find this expression: "The statute here under consideration [Acts 1935, 44th Leg. p. 111, ch. 39] expressly only limits the jurisdiction of the court to the time when the children reach the age of sixteen years. Certainly this age limit is low enough." The question before the court was whether the statute violated Article 1, Section 18, of the state Constitution, Vernon's Ann.St., prohibiting imprisonment for debt.

It is not contended that without statutory authorization the court could order support payments to be made beyond the date of the divorce judgment. Cunningham v. Cunningham, 120 Tex. 491, 40 S.W.2d 46, 75 A.L.R. 1305. Neither will it be denied that there is a common-law liability of a father to support his minor children until they reach their majority, even though their legal custody is with the mother. Speer & Goodnight v. Sykes, 102 Tex. 451, 119 S.W. 86; Gully v. Gully, 111 Tex. 233, 231 S.W. 97, 15 A.L.R. 564; Hall v. Fields, 81 Tex. 553, 17 S.W. 82; Lane v. Mangum, Tex.Civ.App., 203 S.W.2d 945. In Cunningham v. Cunningham, supra [120 Tex. 491, 40 S.W.2d 51], it was said: "* * * we have no doubt of the power of the Legislature to so amend our statutes as to empower the courts to decree and compel the payment of allowances for the support of dependent minors as against a parent, either in divorce proceedings or independent of divorce proceedings, * * *."

Before the 1953 amendment, it was held that Article 4639a empowered the court to modify a decree by requiring support payments where the original decree failed to make such provision. Townsend v. Townsend, Tex.Civ.App., 115 S.W.2d 769; Tipton v. Lester, Tex.Civ.App., 178 S.W.2d 580; Slattery v. Hatmaker, Tex.Civ.App., 255 S.W.2d 334.

It has been held that the 1953 amendment to Article 4639a applies to a case where the divorce was granted and the support order was entered before the amendment was passed, and after Article 4639a was originally enacted, and therefore at a time when the age for which a parent could be required to make support payments was sixteen instead of eighteen years. DuPre v. DuPre, Tex.Civ.App., 271 S.W.2d 829, 831. From the opinion in that case we gather that the motion to modify was filed and the modifying decree entered before the child reached the age of sixteen years. If this be so, the only difference between that case and ours is that in the instant case the motion and modifying decree came after the child reached sixteen.

In the DuPre case it was said: "The amendment does not give an additional right, but only an additional remedy. The

father's liability for his child's support is continuing until the child attains his majority. The remedy for the collection of such legal liability of the father, provided for in the amended article, imposed no new legal liability on the father, but merely provided a more effective remedy or means of enforcing the existing legal liability. * * * '* * * "A person has no vested right in any particular remedy, * *. *." '.

\* \* \* \* \* \*

"The caption to Chapter 127 General and Special Laws, 53rd Legislature, Senate Bill 101, is as follows: 'An Act amending Section 1 of Acts of the 44th Legislature, 1935, Chapter 39, page 111, as amended by subsequent sessions of the Legislature, and as codified as Section 1, of Article 4639a, Vernon's Civil Statutes of Texas, so as to raise the age from sixteen (16) to eighteen (18) years for which the court may require a parent to contribute to the support of a minor child upon the granting of a divorce; repealing all laws in conflict herewith; providing a saving clause; and declaring an emergency.' And the last section, section 3 thereof, is as follows: 'The fact that minor children are only required to be supported until they reach sixteen (16) years of age, which age should be raised to eighteen (18) years, creates an emergency and an imperative public necessity that the Constitutional Rule requiring that bills be read on three several days in each House be suspended; and the same is hereby suspended, and that this Act shall take effect and be in force from and after its passage, and it is so enacted.'

"The caption and section 3, above quoted, when considered with all other provisions, in our opinion evidence the intention of the Legislature to extend the amendment to all children then under 18 years of age, and not to only that portion of children whose parents secure divorces after the enactment of such amendment, * * *."

■ .The amendment became effective before the child in the instant case reached sixteen, and while appellant was making the payments pursuant to the original order.

Had the motion and modifying decree come before she was sixteen, clearly under the holding in the DuPre case the court would have been authorized to make the order. If the amendment is applicable to divorce cases tried after Article 4639a was originally enacted and before the amendment was passed, and if the Legislature intended to empower the courts to make support orders until the children of dissolved marriages attain the age of eighteen years, by extending "the amendment to all children then under 18 years", we do not believe that it was intended to exclude from the protection of the statute a child who was under sixteen on the effective date of the amendment but whose right to the additional remedy was not invoked until she had reached sixteen.

The judgment is affirmed.