Adelina Mayorga de **CUELLAR**, Appellant,

v.

Luis L. **CUELLAR**, Appellee.

No. 219.

Court of Civil Appeals of Texas.

Corpus Christi.

Sept. 15, 1966.

Thomas G. Sharpe, Jr., of Hardy, Galindo & Sharpe, Brownsville, for appellant.

No briefs were filed in behalf of appellee.

## OPINION

GREEN, Chief Justice.

As the appellee has filed no brief, we accept as correct the statements contained in appellant's brief relating to the facts and the record. Rule 419, Texas Rules of Civil Procedure; Gonzales v. Gonzales, Tex.Civ.App., 224 S.W.2d 520, writ ref.; Washington v. Clements, Tex. Civ.App., 399 S.W.2d 890, n. w. h., and cases there cited.

Appellee-defendant and appellant-plaintiff, formerly husband and wife, were divorced in the district court of Cameron County, Texas, in April, 1948. Plaintiff, the former wife, was granted custody of Lidia Cuellar, a child of this marriage, who at the time of the hearing in November, 1965, was 23 years of age. This suit involved a motion to amend the divorce judgment rendered in said cause to provide for custodial support payments for Lidia, pursuant to Article 4639a–1, Vernon's Ann.Tex.Civ.St., as enacted in 1961. Defendant, a resident of Porter County, Indiana, was served with non-resident citation on October 11, 1965, giving him 20 days notice of the hearing on the motion which was set for November 1, 1965. On this latter date, defendant, thru his attorney, filed a written answer containing certain special exceptions to plaintiff's pleading, and a general denial. None of these exceptions in any way attacked the jurisdiction of the court over the person of the defendant. Counsel for both parties and the trial court agreed, in open court on November 1, 1965, that the plaintiff would proceed to put on her testimony at that time, and that counsel for the defendant would be given three weeks, until November 22, 1965, to study the law and prepare his case, and amend his pleadings if he considered that necessary, before proceeding further. Under such agreement, plaintiff did introduce her evidence, after which the court recessed the trial until November 22nd.

On November 22, 1965, defendant filed what he denominated "Defendant's First Amended Answer", in which he for the first time plead, under oath of his attorney, that he "objects to the jurisdiction of the Court over his person on the ground that he is not amenable to process issued by the Courts of this State." The trial court considered this as a proper plea to the jurisdiction of the court, and since the plaintiff's pleadings and the undisputed evidence showed that defendant was in fact a nonresident of Texas, and was served outside of the state, held that it had no jurisdiction of this case. This appeal is from such holding of no jurisdiction.

Art. 4639a–1, V.A.T.S., reads as follows:

"In addition to all other requirements, each petition for divorce shall further set out, if such is a fact, that (1) an unmarried child, born of the marriage sought to be dissolved, is physically or mentally unsound and requires custodial care, and (2) that such child cannot adequately take care of or provide for himself, and (3) that such child has no personal estate or income sufficient to pro-

vide for his reasonable and necessary care. If the Court shall find all of such has been proven by full and satisfactory evidence the Court may require and enforce support payments for such child, whether a minor or not, subject to the power and authority of the Court to alter, change, suspend, or otherwise revise its judgments as the facts and circumstances may require and in the manner required by law. Added Acts 1961, 57th Leg., 1st C.S., p. 135, ch. 31, § 1."

The evidence showed without dispute that Lidia was an unmarried child born of the marriage of plaintiff and defendant, that she was permanently physically unsound and required custodial care, that she cannot adequately take care of or provide for herself, and that she has no personal estate or income sufficient to provide for her reasonable and necessary care. In fact, during the hearing the attorney for defendant judicially admitted that she is a person who needs custodial care, and that she had been an invalid ever since she was six months old. We feel that such undisputed testimony, together with the judicial admission of defense counsel made in open court, distinguishes this case from Aversa v. Aversa, Tex.Civ.App., 405 S.W.2d 157. There it was held that due to the lack of evidence that the 19 year old boy in question required "custodial care", Art. 4639a–1 was not applicable to the fact situation presented. Plaintiff testified without contradiction that $100.00 per month is required for the custodial care of Lidia, and that plaintiff as her custodian now receives $32.00 per month from State Welfare. Plaintiff prayed that defendant be required to pay $68.00 per month for custodial care.

■ The trial court had jurisdiction of the subject matter of this motion, under the provisions of Art. 4639a–1, supra. The last sentence of said Article authorizes the trial court to alter, change, suspend or otherwise revise its judgments as the facts and circumstances may require and in the man-

ner required by law. The motion of plaintiff conformed to the provisions of the statute. Matters of child support and enforcement of divorce decree are within the continuing jurisdiction of the court which rendered the original divorce decree, and the motion was properly filed in the original divorce suit. Livingston v. Nealy, Tex.Civ. App., 382 S.W.2d 511, writ ref. n. r. e. The plea which the court passed on was directed to the point that the court had no jurisdiction over the person of the defendant on the ground that he is not amenable to process issued by the courts of this State, being a non-resident, and having been served by non-resident notice outside of the State.

Since plaintiff is seeking a money judgment from defendant, this plea would have been good had defendant timely filed his jurisdictional plea. York v. State, 73 Tex. 651, 11 S.W. 869, affd., 137 U.S. 15, 11 S.Ct. 9, 34 L.Ed. 604; August Kern Barber Shop v. Freeze, 96 Tex. 513, 74 S.W. 303; Bonanza Inc. v. Lee, Tex.Civ.App., 337 S.W.2d 437.

However, the defendant did not timely file his plea to the jurisdiction of the court over his person. He voluntarily submitted himself to the court's jurisdiction when, on November 1, 1965, he filed a written answer to plaintiff's motion which did not raise any jurisdictional point. Rule 120a, T.R. C.P.; York v. State, supra; State v. Standard Oil Co., 130 Tex. 313, 107 S.W.2d 550; 42 Tex.Law Review 279 at page 315 et seq., Article by Professor E. Wayne Thode of University of Texas Law School.

■ Prior to the adoption of Rule 120a, T.R.C.P., in 1962, special appearance was unknown to Texas practice, and the filing by a defendant of any defensive pleading, including one to challenge the court's jurisdiction over the person of the defendant, constituted an appearance and submission to the jurisdiction of the forum. York v. State, supra. See author's comments to Rule 120a, Vernon's Anno.Tex.Rules and

authorities cited; Professor Thode's article in 42 Tex.Law Review, page 279 et seq. Rule 120a was adopted and promulgated by our State Supreme Court, so that now a defendant may make a special appearance in the cause to attack the court's jurisdiction over his person or property without subjecting himself to the jurisdiction of the court generally. However, such rule expressly provides that *"Such special appearance shall be made by sworn motion filed prior to plea of privilege or any other plea, pleading or motion; * * *. Every appearance, prior to judgment, not in compliance with this rule is a general appearance."* See discussion of this portion of Rule 120a by Professor Thode in 42 Tex. Law Review on pages 315–317.

We hold that when the defendant filed his written answer in this cause on November 1, 1965, this constituted a general appearance, and he submitted himself to the jurisdiction of the court. The trial court erred in considering the subsequent plea attempting to raise the jurisdictional issue, filed three weeks later in an amended answer, and in holding that it has no jurisdiction in this cause.

Since the evidence shows without conflict that Lidia Cuellar, though over 18 years of age, is a person coming within the provisions of Art. 4639a–1, V.A.T.S., supra, and that a judicial admission of such fact was made by appellant's counsel in the trial, the only issue remaining is the amount of the support payment which defendant Luis L. Cuellar, as the father of the totally and permanently invalid child Lidia Cuellar, should be required to make. We believe this is a matter which only the trial court should decide.

Accordingly, the judgment of the trial court is reversed. That court upon remand is directed to take jurisdiction of this cause, and to require and enforce support payments by defendant Luis L. Cuellar to plaintiff as custodian for the benefit of such child

in such amount as the court, in its sound discretion, feels proper from the evidence, such order of the court to be subject to the power and authority of the court to alter, change, suspend, or otherwise revise its judgment as the facts and circumstances may require and in the manner required by law. Art. 4639a–1, V.A.T.S.

Reversed and remanded with instructions.