**Ex parte Lewis F. HATCH, Relator.**

**No. A–11440.**

Supreme Court of Texas.

Jan. 25, 1967.

L. H. Klaeveman, L. Alvis Vandygriff, Austin, for relator.

Jon N. Coffee, Carl C. Hardin, Jr., Austin, for respondent.

HAMILTON, Justice.

This is an original habeas corpus proceeding. The relator, Lewis M. Hatch, was adjudged to be in contempt of court for failure to make certain support payments ordered under the authority of Article 4639a–1.[1] The question presented is whether the statute applies to an attempted modification of a prior divorce decree where the child in question was already 18 or more

---

1. Tex.Rev.Civ.Stat.Ann. art. 4639a–1 (Supp.1966). All references to statutes herein are to Vernon's Texas Revised Civil Statutes Annotated.

years of age at the time the statute became effective.

The statute is as follows:

"Art. 4639a–1. Children Requiring Custodial Care

"In addition to all other requirements, each petition for divorce shall further set out, if such is a fact, that (1) an unmarried child, born of the marriage sought to be dissolved, is physically or mentally unsound and requires custodial care, and (2) that such child cannot adequately take care of or provide for himself, and (3) that such child has no personal estate or income sufficient to provide for his reasonable and necessary care. If the Court shall find all of such has been proven by full and satisfactory evidence the Court may require and enforce support payments for such child, whether a minor or not, subject to the power and authority of the Court to alter, change, suspend, or otherwise revise its judgments as the facts and circumstances may require and in the manner required by law."

The act became effective 90 days after August 8, 1961, date of adjournment of the Legislature.

In 1958 relator had filed a petition seeking a divorce from Mildred N. Hatch in the 126th District Court of Travis County, Texas. A judgment was rendered on October 28, 1958, granting a divorce to Mildred N. Hatch on a cross action. The judgment found that there were two daughters who were issue of the marriage, Carna Mary, "who must have permanent care and medical attention", and Christine Ann. Relator was ordered by the judgment to pay to Mildred N. Hatch the sum of "$350.00 per month, same being $175.00 per month for each child, according to the terms and conditions contained in the agreement filed in this cause and such agreement, signed by the parties to this cause is hereby referred to and made a part of this judgment by refer-

ence and subject to the further orders of this Court."

The agreement provided that the payments for the use and benefit of Carna Mary "shall continue until she is married or becomes self-supporting; and if she marries and the marriage is terminated, she then not being self-supporting, such payments will be resumed and shall continue until she is self-supporting, or remarries." It further recited:

"In the event the parties hereto determine that it is necessary or desirable for Carna Mary to have custodial care out of the home, the parties shall agree upon the institution in which she is to receive such care, and, in lieu of the payments imposed above upon First Party [Relator] with respect to Carna Mary, First Party agrees to pay the fee required by such institution, and in addition to such fee, agrees to pay to Second Party [Mildred N. Hatch] for the use and benefit of Carna Mary, the sum of $50.00 per month."

In 1962, after the passage of Article 4639a–1, supra, Mildred N. Hatch filed a petition praying that relator be ordered to pay certain arrearages for support, certain medical expenses, that Carna Mary be placed in an appropriate institution for her welfare and care, and that the Court enter such order or orders as it deems necessary pursuant to Article 4639a–1. After a hearing, the court ordered, on July 2, 1962, that the former Mrs. Hatch have judgment against relator for certain arrearages in child support. In addition, the court entered an "interlocutory order" finding that Carna Mary Hatch had been adjudged a person of unsound mind and that it was necessary that she be institutionalized immediately. It provided for the placing of Carna Mary in one of several institutions, for the payment of expense by relator, and further that "nothing herein shall be construed to relieve [relator] from his obligation to pay the monthly payments for the use and benefit of Carna Mary Hatch and Christine Ann

Hatch as set out in the contract agreement \* \* \*."

In April, 1966, Mildred N. Hatch filed a petition, application for bill of discovery and affidavit of contempt, alleging that relator had failed to make certain support payments for the benefit of Christine Ann and Carna Mary. On May 4, 1966, the court found that relator had not paid the $50.00 per month to Mildred N. Hatch for the benefit of Carna Mary for a period of 34 months and gave judgment for $1700.00; furthermore, the court found relator in contempt of court for his failure to pay the $1700.00 as ordered. Relator was placed in the custody of the sheriff of Travis County, Texas, and filed his petition for writ of habeas corpus before this Court.

At the date of divorce Carna Mary was 16 years old. At the date Article 4639a–1 became effective she was 19 years old. She was 20 when the suit to modify the divorce decree was filed, and 24 years of age when relator was adjudged to be in contempt.

Relator contends *inter alia* that the contempt jurisdiction of the trial court was not effectively invoked and the order adjudging relator in contempt is void.

■ Article 4639a gives the court continuing jurisdiction to modify the amount of child support to age 18. Ex parte Webb, 153 Tex. 234, 266 S.W.2d 855 (1954). This statute also gives the court ordering support payments "full power and authority to enforce said judgments by civil contempt proceedings." A contempt proceeding is the *only* remedy for enforcement of such an order. See Burger v. Burger, 156 Tex. 584, 298 S.W.2d 119 (1957); Youngblood v. Youngblood, 163 S.W.2d 731 (Tex.Civ. App.1942, no writ). If the decree incorporates an agreement between the parents as to child support, the decree is enforceable by contempt only to the extent authorized by statute; that part of the decree which goes beyond the authorization of the statute is enforceable only by the ordinary processes of law. Mobley v. Mobley, 221 S.W.

2d 565 (Tex.Civ.App.1949, no writ); see also Murray v. Murray, 350 S.W.2d 593, (Tex.Civ.App.1961, no writ); Morgan v. Drescher, 219 S.W.2d 488 (Tex.Civ.App. 1949, writ ref'd n. r. e.). In the instant case the support order contained in the original decree could be enforced only by contempt proceedings for failure to make payments due before the child reached eighteen years of age. Thereafter, relator's liability, if any, for subsequent payment was contractual.

■ The question is narrowed to whether the enactment of Article 4639a–1 conferred jurisdiction on the 126th District Court of Travis County to enforce the $50.-00 per month child support order by contempt. Article 4639a–1 provides that the "*Court* may require and *enforce* support payments". (Emphasis added.) When the Legislature provided that the court may enforce its support orders, it necessarily meant enforcement by contempt. We hold that Article 4639a–1 confers jurisdiction on the court to enforce its support orders for children requiring custodial care by civil contempt proceedings.

The case of Smith v. Givens, 97 S.W.2d 532 (Tex.Civ.App.1936, no writ), is similar in many respects to the present controversy. There the court granted a divorce to the wife in 1934. Article 4639a, providing for child support orders enforceable by contempt, was enacted in 1935. Thereafter the wife filed in the same court, adopting the docket number of the original divorce suit, a petition setting up the precedent facts, alleging that she, the mother, was unable to support, care for, and educate the child of the marriage (then about 12 years of age), but that the former husband was so able, and prayed for judgment directing him to pay $10.00 into the registry of the court each week. The Court of Civil Appeals held that the divorce decree was final, that the petition seeking child support was an independent suit, and that Article 4639a was only applicable as ancillary to a pending divorce action. Therefore the judgment of

777

the court ordering child support payments was void, and enforcement thereof was enjoined. Smith v. Givens was cited with approval by this Court in Bowyer v. Bowyer, 130 Tex. 257, 109 S.W.2d 741 (1937). Other cases by this Court also support the conclusion that Article 4639a applies only to divorce actions wherein the decree has not become final. See Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016 (1940); Bowyer v. Bowyer, supra; Ex parte Birkhead, 127 Tex. 556, 95 S.W.2d 953.

Respondent, Mildred N. Hatch, contends that the rule of Smith v. Givens does not apply in this case, because the court retained jurisdiction over the child support order until Article 4639a-1 was enacted and the decree modified; since that article merely provided a statutory remedy for a common-law liability, the court could modify its decree to conform to its provisions.

We disagree. The only authority the court had to retain jurisdiction to modify and enforce the child support order was by virtue of Article 4639a, supra. This statute gave the court authority to order child support and modify such order, until the child reached 18 years of age; and only such order that was entered prior to the time the child reached such age was enforceable by contempt proceedings. The court could not extend its jurisdiction by incorporating the agreement providing for payment of support beyond eighteen years of age. See Mobley v. Mobley, supra, Ex parte Birkhead, supra.

Respondent contends that the cases of DuPre v. DuPre, 271 S.W.2d 829 (Tex.Civ. App.1954, no writ) and McGowen v. McGowen, 273 S.W.2d 658 (Tex.Civ.App.1954, writ dism'd) hold that a divorce decree can be modified after the passage of a statute providing for contempt proceedings even after the child in question has become 18. In both of these cases the trial courts permitted modification of support orders to conform to the amendment of Article 4639a raising the age limit from 16 to 18 years. However, in neither case had the child for

whom support was ordered reached 16 years of age before the enactment of the amendment. These cases do not hold that a child support order may be modified and thereafter enforced by contempt when the court has lost continuing jurisdiction thereof before enactment of the statute.

█ Article 4639a has been consistently held not to apply to divorce decrees which became final prior to the enactment of the statute. Smith v. Givens, supra; Ex Parte Roberts, 139 Tex. 644, 165 S.W.2d 83 (1942); Bowyer v. Bowyer, supra. Article 4639a-1 requires a consistent construction. It was enacted to provide for the continued support of children needing custodial care. See Tex.Laws 1961, 57th Leg., 1st C.S., ch. 31, p. 135, § 4. It is necessarily cumulative of the provisions of Article 4639a. It creates a power in the court to require and enforce support payments that the court did not theretofore possess. It would be highly inconsistent to say that the creation of a similar power under Article 4639a did not affect divorces wherein the court retained no jurisdiction to modify the decree, and hold in this case that Article 4639a-1 did apply even though the court retained no jurisdiction to modify the support order. We therefore hold that Article 4639a-1 does not confer jurisdiction upon the trial court to modify support orders to conform to its provisions, and require and enforce support payments for children requiring custodial care who were already 18 years of age when the statute became effective.

The case of Cuellar v. Cuellar, 406 S.W. 2d 510 (Tex.Civ.App.1966, no writ), appears to conflict with the holding in this case. In *Cuellar* the divorce was granted in 1948. At the time of a hearing on a motion to amend the prior divorce judgment in November, 1965, the child requiring custodial care was 23 years of age. The Court of Civil Appeals held that the trial court had jurisdiction of the subject matter of the motion, under the provisions of Article 4639a-1, without mentioning the fact that the child in question must have been at least 18 years

of age when the statute became effective on November 6, 1961. We expressly disapprove this holding.

█ We hold that the District Court of Travis County, Texas, was without jurisdiction to adjudge relator in contempt of court in this proceeding. Consequently, the relator is discharged.