**Warren Baylor THARP, Appellant,**

**v.**

**Margaret Elizabeth THARP, Appellee.**

**No. 190.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Feb. 5, 1969.

Rehearing Denied March 5, 1969.

John P. Farra, Woody & Rosen, Houston, for appellant.

J. Philip Wandel, Wandel & Bousquet, Houston, for appellee.

BARRON, Justice.

This appeal is from an order of the Court of Domestic Relations No. 3 of Harris County, Texas, modifying a previous divorce decree concerning child support for two children of a dissolved marriage. The original divorce decree was entered June 17, 1960. Appellee, Margaret Elizabeth Tharp was granted custody of the two children born of appellee's marriage to appellant, Warren Baylor Tharp. The children are William S. (Peter) Tharp, born August 11, 1948, and Terry Tharp, born April 10, 1952. No appeal was had from the original judgment. Appellant was ordered in 1960 to pay Three Hundred Fifty ($350.00) Dollars per month as support for the two children. On October 11, 1966, appellant filed his "MOTION TO REQUIRE PLAINTIFF TO SHOW CAUSE WHY SHE SHOULD NOT BE HELD IN CONTEMPT." This motion sought certain affirmative relief as well as an alleged clarification of appellant's obligation under the court's judgment of June, 1960. On November 19, 1966, appellee filed her answer to appellant's motion and also filed "PLAINTIFF'S MOTION TO REQUIRE DEFENDANT TO SHOW CAUSE WHY HE SHOULD NOT BE HELD IN CONTEMPT AND FOR CLARIFICATION AND/OR MODIFICATION OF EXISTING DECREE." After a series of hearings, the trial court entered judgment on July 15, 1968 denying all relief sought by appellant, Dr. Tharp, material to this appeal and granted all relief sought by appellee, Mrs. Tharp, material to this appeal, holding that William S. (Peter) Tharp came within the provisions of Vernon's Ann.Civ. St. Art. 4639a–1 and that appellee and her attorneys were entitled to attorneys' fees as a result of this cause of action.

Appellant attacks the judgment below and contends that the trial court erred in holding that Peter Tharp came within the provisions of Art. 4639a–1, V.A.T.S.; that there is no evidence that appellee had been or would be furnishing necessaries to Peter Tharp; that the sum of $350.00 child support ordered by the trial court is excessive under the circumstances; and that the trial court erred in awarding to appellee attorney's fees in this cause.

Article 4639a–1, V.A.T.S., is the only authority for the entry of an order compelling a divorced parent to support a child

of the marriage who has reached his eighteenth birthday. The statute empowers a court to enter and enforce orders requiring support payments for a child above the age of eighteen years if it is established by full and satisfactory evidence that the child is unmarried, is physically or mentally unsound and requires custodial care, if the child cannot adequately take care of, or provide for, himself, and if the child has no personal estate or income sufficient to provide for his reasonable and necessary care. The above statute was enacted in 1961 and was effective ninety (90) days after August 8, 1961. The divorce and original support orders were granted prior to the effective date of the above statute, but Peter Tharp was only 13 years of age at the time the statute became effective. Peter reached 18 on August 11, 1966.

After Peter reached 18, appellant began to pay only one-half of the monthly amount previously ordered by the trial court to be paid under the decree, and on October 11, 1966, he filed motion against appellee to show cause and requested that appellee submit a sworn accounting. Appellee's answer and subsequent motion raise the issues of continued support for Peter Tharp under Art. 4639a–1. The trial court ordered appellant to pay the sum of $175.00 per month for the boy beginning June 15, 1968, subject to the authority of the trial court to alter, change, suspend, extend or otherwise amend the order.

The record clearly reflects that Peter Tharp is physically and mentally unsound and requires custodial care. The boy is required to have someone to see that he eats, has bowel movements and is available to clean his body and change his clothes. He cannot prepare his toothbrush for use or draw his own water for taking a bath. He needs assistance after bowel movements, requires a special diet, and cannot find his way about. He is incapable of managing money and has no conception of the use of money. He cannot write, other than his name, and his memory is one similar to that found in a very young child. He cannot hold menial jobs, and he will never be normal because of brain damage. Many attempts have been made to train him, but none have been successful. Peter has had fourteen years of physical therapy, and he still is not steady on his feet. He is a borderline spastic and has attended schools for retarded children. The boy's doctor stated that he should be continuously supervised, and that he could not even be expected to look after the feeding of himself. There is evidence that this condition has continued more than fourteen years, and in reasonable probability the condition is permanent.

The immediate care and supervision of Peter has been by the child's maternal grandparents, Mr. and Mrs. Terry, whose home is in New Orleans, Louisiana. Peter has actually lived with them since age four. Appellant and appellee were living in Augusta, Georgia at the time, and they telephoned the grandparents to come and take Peter. Appellant knew of this arrangement before the divorce was granted in 1960 when the court ordered the original support payments. While there is controversy in the record concerning appellee's proper use of the money heretofore sent for support, the record clearly reflects and warrants the inference that Mr. and Mrs. Terry were taking care of Peter because of their affection for the boy and his mother, the appellee, and that they were spending at least $435.00 per month for the boy's care and training. While some of the support money for Peter was forwarded to appellee (at the grandparents' expense), the fact remains that the maternal grandparents were taking care of the boy at the request of and for the benefit of appellee, who is teaching school at a modest salary in the State of Mississippi. Appellee is in continual contact with the boy, and she visits with him whenever she can. The mother has the other son, Terry, with her at all times, and there is nothing in the record to indicate appellee's lack of concern for her children. On the other hand it is clear that she is doing everything possible to take

care of and generally supervise both of the boys.

■ Article 4639a, providing for child support orders enforceable by contempt, was enacted in 1935. The statute has been held to be applicable only as ancillary to a pending divorce action. Ex parte Hatch, 410 S.W.2d 773, 776 (Tex.Sup.). But the jurisdiction of the court to make provision for the support of children of a marriage is a continuing power, and the law does not even contemplate a final judgment. Ex parte Birkhead, 127 Tex. 556, 95 S.W.2d 953, 955; Ex parte Goldsmith, 155 Tex. 605, 290 S.W.2d 502, 503. Formerly, the court had power to alter, change and suspend support orders until a child reached the age of 16. The statute was amended in 1953 to extend the period to age 18. See McGowen v. McGowen, 273 S.W.2d 658 (Tex.Civ.App.), writ dismd.

■ Article 4639a–1, dealing with support for children over the age of 18 under conditions mentioned above, is necessarily cumulative of the provisions of Article 4639a. Ex parte Hatch, supra. We believe the reasoning in the case of McGowen v. McGowen, supra, is applicable here. There the court said:

"The amendment (to Art. 4639a) became effective before the child in the instant case reached sixteen, and while appellant was making the payments pursuant to the original order. Had the motion and modifying decree come before she was sixteen, clearly under the holding in the DuPre case the court would have been authorized to make the order. If the amendment is applicable to divorce cases tried after Article 4639a was originally enacted and before the amendment was passed, and if the Legislature intended to empower the courts to make support orders until the children of dissolved marriages attain the age of eighteen years, by extending 'the amendment to all children then under 18 years,' we do not believe

that it was intended to exclude from the protection of the statute a child who was under sixteen on the effective date of the amendment but whose right to the additional remedy was not invoked until she had reached sixteen." (Parenthesis added). See also DuPre v. DuPre, 271 S.W.2d 829 (Tex.Civ.App.), no writ.

The McGowen case above cited was distinguished in the case of Ex parte Hatch, supra, by the Supreme Court of Texas. Article 4639a–1 was enacted to provide for the continued support of children needing custodial care. In Hatch the Supreme Court of Texas held that Art. 4639a–1 does not confer jurisdiction upon the trial court to modify support orders to conform to its provisions, and require and enforce support payments for children requiring custodial care *who were already 18 years of age when the statute became effective.* Here the statute became effective in 1961, but Peter Tharp did not reach 18 until 1966. Also, the disability and required custodial care is shown to have existed continuously since about 1952, and appellant knew it. This disability did not originate after the child became 18 years of age, and we do not believe the trial court lost jurisdiction of the case when Peter Tharp became 18. The statute itself provides that the court may require and enforce support payments for such disabled child "whether a minor or not." See Art. 4639a–1, V.A.T.S. See also Aversa v. Aversa, 405 S.W.2d 157 (Tex. Civ.App.), writ dismd., 407 S.W.2d 769 (Tex.Sup.).

■ We do not believe the Legislature intended that Art. 4639a–1 receive a restrictive and technical application. On the other hand the statute should receive a liberal interpretation to insure that its just purpose is effective and meaningful. We need not labor the question. We hold that the statute, under the facts of this case, is applicable and fully effective to require that appellant continue support of his unmarried, physically and mentally unsound child, re-

quiring custodial care, and who cannot adequately take care of or provide for himself and who is without property or income sufficient to provide for his reasonable and necessary care. The evidence is full and satisfactory to support the necessary findings of the trial court, and its action is justified.

■ Appellant contends that the sum of $350.00 per month, $175.00 for each child, is excessive. Appellant testified that his gross income for 1966 was $44,399.29, and that his net income was $31,432.11. In 1966, he purchased a house for his second wife, young child and himself, for $65,-000.00, and he drives a 1964 Cadillac automobile. Appellant is a medical doctor and apparently enjoys a good practice. We overrule appellant's contention, and we hold that the trial court was well within reason in its ruling. Beaird v. Beaird, 380 S.W.2d 730 (Tex.Civ.App.), no writ hist.

■ We make the same ruling in regard to the allowance of attorney's fees for appellee's attorneys, which were sought by the mother for the attorneys. Appellee, however, had no right to an attorney's fee as an individual. Schwartz v. Jacob, 394 S.W.2d 15 (Tex.Civ.App.), writ ref., n. r. e.; Akin v. Akin, 417 S.W.2d 882, 885 (Tex. Civ.App.), no writ hist. The trial court expressly found that appellant was in arrears in his support payments. See Rule 308–A, Texas Rules of Civil Procedure.

■ Appellee by cross point of error contends that the trial court should have ordered support payments for Peter Tharp effective on March 21, 1967 rather than June 15, 1968. We overrule such contention. The support order, its beginning date, alteration, change and suspension are within the sound discretion of the trial court, who must consider all the conditions, and we find that the trial court did not err or abuse its discretion under the circumstances.

For the above reasons, the judgment of the trial court is affirmed.