**Clyde L. CHARVIS, Appellant,**

v.

**Earnestine W. CHARVIS, Appellee.**

No. 830.

Court of Civil Appeals of Texas, Tyler.

Oct. 30, 1975.

Charles T. Cole, Phenix & Freeman, Henderson, for appellant.

David P. Brown, Asst. Dist. Atty., Henderson, for appellee.

DUNAGAN, Chief Justice.

This is a child support case brought by appellee, Earnestine Charvis, in the Juvenile Court of Richland Parish, Louisiana. It was transmitted to the District Court of Rusk County, Texas, on November 1, 1974, under the Uniform Reciprocal Enforcement of Support Act.

Appellee sought support for a child, Jon Christopher Charvis, born on June 14, 1973, to the marriage of appellant and appellee. Appellant, Clyde Charvis, had obtained a divorce from Earnestine on July 13, 1973, in the District Court of Rusk County. The divorce decree recited that Earnestine had been duly served with citation but wholly made default and that " * * * the Court finds that no child or children have been born to or adopted by said parties during their marriage relation."

Appellant moved for dismissal of this suit on the ground that the recitation of the non-existence of any children was res judicata and that the child support suit was a collateral attack upon that recitation. The Court overruled that motion and, after a non-jury trial, ordered appellant to pay support. The sole point on appeal from that order is the contention regarding collateral attack. We affirm the judgment of the court below.

█ A collateral attack can be successful only if the judgment attacked was void as opposed to merely voidable. *Ex parte Tyler*, 152 Tex. 602, 261 S.W.2d 833, 834 (1953). However, a valid judgment which is immune to collateral attacks by parties and their privies is not binding upon strangers. *Kirby Lumber Corp. v. Southern Lumber Co.*, 145 Tex. 151, 196 S.W.2d 387, 388, 389 (1946). The prior judgment is inapplicable and irrelevant to the rights of strangers. Hodges, *Collateral Attacks on Judgments*, 41 Tex.L.Rev. 163, 196 (1962). This action for child support was instituted on behalf of the minor obligee, Jon, who was the actual party in interest. See Tex. Family Code Ann. Sections 14.07 and 21.27 (1974). Earnestine, as a named party to the divorce action, may well be estopped from attacking that judgment. The relevant inquiry, however, is whether *Jon* was bound by the recitation in that decree. Although Jon was clearly not a party to the divorce action, neither was he a stranger if he was in privity with a party to that action. *Kirby Lumber Corp. v. Southern Lumber Co.*, supra.

█ Persons are privy to a judgment if, subsequent to the commencement of that action, they shared in or succeeded to the same property rights adjudicated therein. *Kirby Lumber Corp. v. Southern Lumber Co.*, supra. Privity is not established by the mere common interest of persons in the same question. *Benson v. Wanda Petroleum Co.*, 468 S.W.2d 361, 363 (Tex.1971). Jon's right of support from his parents is statutory and independent of the divorce action. Tex.Family Code Ann. Section 14.-05; *Townsend v. Townsend*, 115 S.W.2d 769, 772 (Tex.Civ.App.—Dallas 1938, no writ). This right existed prior to the commencement of the divorce action but was not adjudicated in that action. Jon was not privy to that action. *Townsend v. Townsend*, supra. This conclusion conforms with the strong public policy which presumes the legitimacy of children. See *Caddel v. Caddel*, 486 S.W.2d 141, 146 (Tex.Civ.App.—Amarillo 1972, no writ).

Child support has been recovered in several similar situations. A divorce decree which was silent as to support for a minor child was not res judicata of the right to obtain support for said child in a subsequent action. *Slattery v. Hatmaker*, 255 S.W.2d 334, 335 (Tex.Civ.App.—San Antonio 1953, no writ); *Townsend v. Townsend*, supra. Although the divorce decree recited that ". . . no child or children have been born to or adopted by said parties . . .", the right of a child of the marriage to support from its father could not be affected by any kind of estoppel against its mother. *Hartman v. Chumley*, 266 S.W. 444, 446 (Tex.Civ.App.—Waco 1924, no writ). While *Zimmerman v. Zimmerman*,

488 S.W.2d 184 (Tex.Civ.App.—Houston 14th Dist. 1972, no writ) is not directly in point here, we think a reading thereof will shed some light on the question before us.

Appellee's motion to strike a portion of the transcript alleged that the divorce decree should not have been included since it was not attached to the pleadings or filed as an exhibit. This objection related to informalities in the manner of bringing this case into court. It was waived when appellee failed to file the motion within thirty days after the filing of the transcript. Tex. R.Civ.P. 404; See *Englander Co. v. Kennedy*, 424 S.W.2d 305, 307 (Tex.Civ.App.—Dallas 1968, writ ref'd n. r. e. at 428 S.W.2d 806). Appellee's motion to strike a portion of the transcript is overruled.

The court below properly overruled the Motion to Dismiss. Therefore, the judgment of the trial court is affirmed.