**Alice M. RED, Appellant,**

v.

**George RED, Appellee.**

**No. 1292.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 28, 1976.

Rehearing Denied May 19, 1976.

J. Philip Wandel, Dohoney, Collier, Cartwright & Wandel, Houston, for appellant.

James R. Lewis, Tyler, for appellee.

## MAJORITY OPINION

### J. CURTISS BROWN, Chief Justice.

This is a suit for child support by Alice M. Red (appellant) against George Red (appellee). Appellant labeled her action "Motion to Modify—Suit Affecting Parent-Child Relationship Requiring Continued Support."

The following chronological order of events and circumstances may assist in the understanding of the issue presented by this appeal:

(1) Appellant was granted a divorce from appellee in 1963. She was given custody of their fourteen year old daughter Diana Red (Diana). Appellee was ordered to make payments for the support of the child until she reached age eighteen.

(2) At the time of the divorce and afterward until January 1, 1974, child support in Texas was governed by Tex.Laws 1961, ch. 305, § 1, at 663 [1] (hereinafter referred to as Article 4639a) and by Tex.Laws, 1st Called

1. "Section 1. Each petition for divorce shall set out the name, age, sex and residence of each child under eighteen (18) years of age born of the marriage sought to be dissolved, if any such child or children there be; and if there be no such child or children, then the petition shall so state. No court having jurisdiction of suit for divorce shall hear and determine any such suit for divorce unless such information is set out in such petition or in each cause of action for divorce. Upon the trial of any such cause, and in the event a divorce is granted by the court, if there are such minor children, it shall be the duty of such trial court to inquire into the surroundings and circumstances of each such child or children, and such court shall have full power and authority to inquire into and ascertain the financial circumstances of the parents of such child or children, and of their ability to contribute to the support of same, and such court shall make such orders regarding the custody and support of each such child or children, as is for the best interest of same; provided, however, that the judgment of the court in a jury trial of a divorce cause may not contravene the jury's determination of child custody. In any hearing held in this State concerning the custody of a child, whether pursuant to a divorce cause or not, any party to the hearing may, upon assumption of jury costs, demand a jury to determine custody of the child, and the judgment of the court must conform to that determination. The court may by judgment order either parent to make periodical payments for the benefit of such child or children, until same have reached the age of eighteen (18) years, or, said court may enter a judgment in a fixed amount for the support of such child or children, and such court shall have full power and authority to enforce said judgments by civil contempt proceedings after ten (10) days notice to such parent of his or her failure or refusal to carry out the terms thereof, and for the purpose of ascertaining the ability of the parents of such child or children to contribute to the support of same, they may be compelled to testify fully in regard thereto, under penalty of contempt of court, as in other cases. Said court shall have power and authority to alter or change such judgments, or suspend the same, as the facts and circumstances and justice may require, upon notice to such parent as above provided for, or with his or her consent."

Sess. 1961, ch. 31, § 1, at 135 [2] (hereinafter referred to as Article 4639a–1).

(3) Diana became eighteen years of age on July 9, 1966.

(4) No modification of the judgment entered in 1963 was sought. However, appellee continued to voluntarily make support payments after Diana reached age eighteen. No order was sought or entered under the provisions of Article 4639a–1.

(5) On January 1, 1974, Title 2 of the Texas Family Code—which included § 14.-05(b) [3]—became effective, and Articles 4639a and 4639a–1 were simultaneously repealed.

(6) After the effective date of the Family Code appellee stopped the voluntary payments for the support of his child.

(7) Appellant thereafter instituted this suit. Diana was then twenty-six years of age.

It was alleged by appellant in her motion that Diana had become physically and mentally disabled before reaching age eighteen, that appellee had contributed to her support as ordered by the court in the 1963 divorce decree, that appellee had voluntarily contributed to her support beyond age eighteen, and that appellee did not reduce or discontinue support payments until a few months after the passage of Title 2 of the Family Code. The motion sought support for the duration of the child's life pursuant to Tex.Family Code Ann. § 14.05 (1975). The trial court, which was the same court that had rendered the 1963 judgment sought to be modified, dismissed the cause

for want of jurisdiction. Appellant has perfected this appeal.

■ In determining the jurisdictional question, the allegations of the appellant are controlling in determining whether or not the court had jurisdiction of the subject matter. *Brannon v. Pacific Employers Ins. Co.,* 148 Tex. 289, 224 S.W.2d 466 (1949). All intendments permissible under a liberal construction of the pleading will be indulged in favor of jurisdiction. *Pecos & N. T. Ry. Co. v. Rayzor,* 172 S.W. 1103 (Tex. Sup.1915).

The parties press different constructions of the cases of *Ex parte Hatch,* 410 S.W.2d 733 (Tex.Sup.1967) and *Tharp v. Tharp,* 438 S.W.2d 391 (Tex.Civ.App.–Houston [14th Dist.] 1969, writ dism'd). However, since the jurisdiction of the court under Article 4639a–1 was never invoked during the time such law was effective, we need not consider the question of whether appellant or Diana could have benefited by that statute after she reached eighteen years of age. The fact is that although she was clearly eligible for support under the provisions of Article 4639a–1, the aid of this statute was not sought at any time until the present suit was filed. The order in the original divorce suit was a final judgment subject to modification as allowed by law. See *Ex parte Padfield,* 154 Tex. 253, 276 S.W.2d 247 (1955). The original divorce action was not "pending" on January 1, 1974. See *Schwartz v. Jefferson,* 520 S.W.2d 881 (Tex. Sup.1975).

The enactment clause of Title 2 of the Family Code, contained in Chapter 11, reads as follows:

**2.** "Art. 4639a–1. Children Requiring Custodial Care

"In addition to all other requirements, each petition for divorce shall further set out, if such is a fact, that (1) an unmarried child, born of the marriage sought to be dissolved, is physically or mentally unsound and requires custodial care, and (2) that such child cannot adequately take care of or provide for himself, and (3) that such child has no personal estate or income sufficient to provide for his reasonable and necessary care. If the Court shall find all of such has been proven by full and satisfactory evidence the Court may require and enforce

support payments for such child, whether a minor or not, subject to the power and authority of the Court to alter, change, suspend, or otherwise revise its judgments as the facts and circumstances may require and in the manner required by law."

**3.** "(b) If the court finds that the child, whether institutionalized or not, requires continuous care and personal supervision because of a mental or physical disability and will not be able to support himself, the court may order that payments for the support of the child shall be continued after the 18th birthday and extended for an indefinite period."

*"(a) This Act takes effect on January 1, 1974, and governs all proceedings, orders, judgments, and decrees in suits and actions brought after it takes effect, and also all further proceedings in actions then pending, except to the extent that in the opinion of the court its application in an action pending when this Act takes effect would not be feasible or would work injustice. All things properly done under any previously existing rule or statute prior to the taking effect of this Act shall be treated as valid.*

*"(b) Any action or suit commenced after January 1, 1974, that has as its object the modification of an order, judgment, or decree entered prior to January 1, 1974, but which under this Act would be a suit affecting the parent-child relationship, is governed by the provisions of this Act, and shall be treated as the commencement of a suit affecting the parent-child relationship in which no court has continuing exclusive jurisdiction."*

 Under the holding of our supreme court in *Curtis v. Gibbs,* 511 S.W.2d 263 (Tex.Sup.1974), appellant's action is a suit affecting the parent-child relationship and, therefore, is a new suit governed by the provisions of the Family Code. Section 14.-05(b) of the Family Code is applicable. The statute provides that the court "may order that payments for the support of the child shall *be continued* after the 18th birthday and extended for an indefinite period" (emphasis ours). We believe that the clear import of this statute is that the eligibility of a child for support under this section must be invoked before the child reaches 18 years of age. We base this construction upon the legislature's use of the words "be continued." We do not believe that the legislature would have used this language had it intended that the matter could be raised throughout the lifetime of the "child".

In view of our construction of the Family Code as applied to this case it is not necessary for us to consider appellee's contention that to allow Diana the benefit of § 14.05(b) would be unconstitutional as a retroactive law. The action of the trial court in dismissing this cause for want of jurisdiction of the subject matter is affirmed.

Affirmed.

CIRE, Justice (dissenting).

I respectfully dissent. I would not so strictly construe Section 14.05(b) of the Family Code. It was obviously enacted for the benefit of disabled children, and should be liberally construed to effectuate that purpose. Under the prior statute, Article 4639a–1, the trial court would have had jurisdiction to consider this matter, and I think the legislature did not intend to deprive the courts of such jurisdiction by the enactment of the Family Code. If the majority's construction is correct, then a disabled child who is past the age of eighteen at the time of its parents' divorce would not be entitled to support from the non-custodial parent. I do not believe the legislature intended this result. I would reverse and remand this case.