Alice M. RED, Petitioner,

v.

George RED, Respondent.

No. B–6104.

Supreme Court of Texas.

March 9, 1977.

Dissenting Opinion May 18, 1977.

Dohoney, Collier, Cartwright & Wandel, J. Philip Wandel, Houston, for petitioner.

James R. Lewis, Tyler, Hart, Keahey & Hart, James P. Hart, Austin, for respondent.

DANIEL, Justice.

The question in this case is whether a divorce court which ordered payment of child support until the child reached the age of 18 had jurisdiction of a motion to order resumption of payments filed by the custodial parent after the child became 26 years of age. The basis for the motion to modify the decree was that before and since the age of 18, the child has been physically and

mentally incompetent to the extent of requiring custodial care, but this motion and allegation were not presented to the trial court until twelve years after the divorce decree was entered and more than eight years after the child became 18 years of age. The trial court dismissed the motion for want of jurisdiction. The Court of Civil Appeals affirmed, with one judge dissenting. 536 S.W.2d 431. We affirm.

Petitioner, Alice M. Red, was granted a divorce from Respondent, George Red, by the Court of Domestic Relations # 3 of Harris County on May 29, 1963. She was awarded custody of their daughter, Diana Red, then 14 years of age, and an agreed sum of $200.00 per month for child support "beginning July 1, 1963, until the said Diana Red reaches the age of eighteen (18) years." Diana became eighteen on July 9, 1966. No modification of the 1963 judgment was sought until this action was filed by plaintiff, Mrs. Red, in April of 1975. Mr. Red, however, after full performance of the judgment of July 9, 1966, made voluntary child support payments until after Diana became 26 years of age. From 1968 until 1975 these voluntary payments included $400.00 per month for tuition at The Magnolia School, Inc., an institution in Louisiana for handicapped children. The parties will be referred to hereafter as in the trial court. Diana Red was not a party by next friend or otherwise.

Plaintiff's suit, entitled "Motion to Modify—Suit Affecting Parent-Child Relationship Requiring Continued Support," was filed under the same number and in the same court which had entered the 1963 divorce judgment. In addition to the above facts, plaintiff's first amended motion, filed on May 29, 1975, alleged that the court had continuing jurisdiction of the suit; that Diana had been physically and mentally incompetent to care for herself before and since reaching age 18; that at all pertinent times thereto, Diana has required and still requires custodial care and other expenses

which the defendant had paid voluntarily from 1966 until 1975; that although defendant was financially able to make such payments, he had reduced them and finally discontinued them in early 1975; that due to the alleged change of circumstances, plaintiff was entitled to modification of the divorce judgment under the terms of Sections 14.05, 14.08, and other applicable provisions of the Texas Family Code. A copy of the 1963 judgment was attached to the motion, and plaintiff prayed that the child support order be modified to provide for payments to her of not less than $500.00 per month, or that such payments be made direct to The Magnolia School, Inc., where Diana is staying.

The defendant filed a plea to the jurisdiction of the trial court. He asserted that the child support order and judgment of May 29, 1963, had been fully performed as of Diana's 18th birthday on July 9, 1966, and that neither Sections 14.05, 14.08, nor any other provisions of the Texas Family Code (effective January 1, 1974) empower the trial court to resume and entertain jurisdiction of the subject matter of that order. Subject to such plea, defendant denied that Diana requires institutional care and supervision or that he is any longer financially able to pay for the same without undue sacrifice and burden. He offered, however, to take Diana into his own home in Houston and supervise and care for her at his sole expense if the court has jurisdiction and will so order. He filed other conditional and alternative affirmative pleas, including one that he be appointed managing conservator or personal representative of Diana.

■ There can be no doubt of the obligation of a financially able father or mother of an incompetent unmarried person to maintain the incompetent, whether a minor or an adult.[1] Defendant acknowledges this responsibility and the existence of other remedies, while insisting that the reopening

---

1. Section 423 of the Texas Probate Code provides that an incompetent with no estate and no spouse "shall be maintained . . . by the father or mother, if able to do so . . .."

See also Section 108 et seq., Texas Probate Code, relating to Guardianship of Minors and Incompetents.

and modification of a fully performed child support order is not an authorized remedy after the "child" has become an adult.

Section 14.05 of the Texas Family Code became effective on January 1, 1974, as a part of Subtitle A of Title 2 of the Code, which relates almost exclusively to parent-child relationships and suits affecting such relationships. "Child" is defined in Section 11.01 of the Code as "a person under 18 years of age who is not and has not been married or who has not had his disabilities of minority removed for general purposes," unless the context requires a different definition. "Adult" is defined as "any other person." The relevant portions of Section 14.05 read:

"§ 14.05.  *Support of Child*

"(a) The court may order either or both parents to make periodic payments or a lump-sum payment, or both, for the support of the child until he is 18 years of age in the manner and to the persons specified by the court in the decree. In addition, the court may order a parent *obligated* to support a child to set aside property to be administered for the support of the child in the manner and by the persons specified by the court in the decree.

"(b) If the court finds that the child, whether institutionalized or not, requires continuous care and personal supervision because of a mental or physical disability and will not be able to support himself, the court may order that payments for the support of the child shall be continued after the 18th birthday and extended for an indefinite period."

Section 14.08 of the same Act, which authorizes modification of child support orders under certain circumstances, provides that, "A court order or the portion of a decree that provides for the support of a child . . . may be modified only by the filing of a motion in the court having jurisdiction of the suit affecting the parent-child relationship."

On the effective date of the above Act, Diana Red was over 25 years of age, and there was no viable or pending order in any court for payment of child support which was unperformed. We agree with the Court of Civil Appeals that the order for payments of child support in the original divorce decree "until Diana Red reaches the age of eighteen (18) years" was a final judgment subject only to modification as allowed by law. *Ex parte Padfield,* 154 Tex. 253, 276 S.W.2d 247 (1955). See also *Schwartz v. Jefferson,* 520 S.W.2d 881 (Tex. 1975); *Curtis v. Gibbs,* 511 S.W.2d 263 (Tex. 1974), and *McAfee v. McAfee,* 152 Tex. 156, 255 S.W.2d 185 (1953). As to child support, that judgment was fully performed and discharged on July 9, 1966, when Diana reached the age of 18 years. Subsequent thereto the divorce court ceased to have jurisdiction over the subject matter. See *Ex parte Williams,* 420 S.W.2d 135 (Tex. 1967); *Ex parte Hatch,* 410 S.W.2d 773 (Tex.1967); *McCullough v. McCullough,* 483 S.W.2d 869 (Tex.Civ.App.1972, no writ). Thereafter there was no pending order subject to modification under Sections 14.05 and 14.08 of the Family Code.

We also agree with the Court of Civil Appeals that the clear import of Section 14.05(a) and (b), when read in context with other provisions of all of Title 2 of the Family Code, is that "the court 'may order that payments for the support of the child shall be continued after the 18th birthday'" only if the grounds therefor exist and are invoked before the child becomes an adult; i. e., before reaching age 18. A contrary interpretation would defer any possibility of finality or discharge of a judgment of this nature, since the matter could be raised throughout the lifetime of an adult who had once been the subject of child support orders in a divorce judgment.

By analogy, the opinion of this Court in *Ex parte Hatch,* 410 S.W.2d 773 (Tex.1967), supports the interpretation and decision of the Court of Civil Appeals in this case. In dealing with Article 4639a,[2] which original-

---

**2.** Repealed by the Texas Family Code effective January 1, 1974. Unless otherwise noted, stat-utory citations refer to Vernon's Annotated Texas Civil Statutes.

ly gave the divorce courts the power to modify child support orders, the Court said:

" . . . The only authority the court had to retain jurisdiction to modify and enforce the child support order was by virtue of Article 4639a, supra. This statute gave the court authority to order child support and modify such order, until the child reached 18 years of age; *and only such order that was entered prior to the time the child reached such age was enforceable by contempt proceedings.*

. . .

"Respondent contends that the cases of *DuPre v. DuPre,* 271 S.W.2d 829 (Tex.Civ. App.1954, no writ) and *McGowen v. McGowen,* 273 S.W.2d 658 (Tex.Civ.App. 1954, writ dism'd) hold that a divorce decree can be modified after the passage of a statute providing for contempt proceedings even after the child in question has become 18. In both of these cases the trial courts permitted modification of support orders to conform to the amendment of Article 4639a raising the age limit from 16 to 18 years. However, in neither case had the child for whom support was ordered reached 16 years of age before the enactment of the amendment. *These cases do not hold that a child support order may be modified and thereafter enforced by contempt when the court has lost continuing jurisdiction thereof before enactment of the statute.*" (Emphasis added.)

Further, with reference to Article 4639a–1, which in 1961 authorized support payments for a child requiring custodial care, "whether minor or not," the Court said that it was cumulative of the provisions of Article 4639a, that it must be interpreted con-

sistently therewith, and therefore it did not apply to an incompetent child who was 19 years of age when the statute was enacted. The Court said:

" . . . We therefore hold that Article 4639a–1 does not confer jurisdiction upon the trial court to modify support orders to conform to its provisions, and require and enforce support payments for children requiring custodial care who were already 18 years of age when the statute became effective."

In the same case, this Court disapproved a decision upon which plaintiff relies:

"The case of *Cuellar v. Cuellar,* 406 S.W.2d 510 (Tex.Civ.App.1966, no writ), appears to conflict with the holding in this case. In *Cuellar* the divorce was granted in 1948. At the time of a hearing on a motion to amend the prior divorce judgment in November, 1965, the child requiring custodial care was 23 years of age. The Court of Civil Appeals held that the trial court had jurisdiction of the subject matter of the motion, under the provisions of Article 4639a–1, without mentioning the fact that the child in question must have been at least 18 years of age when the statute became effective on November 6, 1961. We expressly disapprove this holding."

The principal thrust of plaintiff's argument is based upon the theory that the Legislature intended to carry forward the terms of Article 4639a–1, as interpreted in *Tharp v. Tharp,* 438 S.W.2d 391 (Tex.Civ. App.1969, writ dism'd), when it enacted Section 14.05(b) of the Texas Family Code.[3] In *Tharp,* the trial court was held to have jurisdiction to order resumption of child support payments under Article 4639a–1 af-

---

**3.** Article 4639a–1 was enacted as a separate statute effective 90 days after August 8, 1961. Prior to its repeal, effective January 1, 1974, it read as follows:

"In addition to all other requirements, each petition for divorce shall further set out, if such is a fact, that (1) an unmarried child, born of the marriage sought to be dissolved, is physically or mentally unsound and requires custodial care, and (2) that such child cannot adequately take care of or provide for himself, and (3) that such child has no per-

sonal estate or income sufficient to provide for his reasonable and necessary care. If the Court shall find all of such has been proven by full and satisfactory evidence the Court may require and enforce support payments for such child, *whether a minor or not,* subject to the power and authority of the Court to alter, change, suspend, or otherwise revise its judgments as the facts and circumstances may require and in the manner required by law." (Emphasis added.)

ter the oldest child became 18 years of age. Since the plaintiff did not seek to invoke the jurisdiction of the trial court under Article 4639a–1 during the time the law was effective, and since material changes were made when it was repealed, it is unnecessary for us to lengthen this opinion by setting forth all of the facts and circumstances which may distinguish the *Tharp* case from this case. It is sufficient to note that the *Tharp* case involved an unperformed order in a divorce decree which provided that the father pay $350.00 per month for the support of two minor children. After the oldest child reached age 18, the father began to pay only one-half of that monthly amount, and sixty days thereafter he filed a motion which, among other things, sought clarification of his obligation under the existing order. The wife's reply sought clarification or modification and resumption of payments for the support of the oldest child under Article 4639a–1. Upon proof of physical and mental unsoundness and need for custodial care, the father was ordered to pay a monthly sum of $175.00 for the support of the disabled child until otherwise ordered by the court.

It is significant that the *Tharp* case and the present case were tried by the same Court of Domestic Relations and by the same Court of Civil Appeals. Obviously, the different result in the present case is due in part to the difference in the statutes after January 1, 1974. Prior to that date, Article 4639a–1 specifically authorized trial courts upon certain findings to "require and enforce support payments for such [physically or mentally incompetent] child, wheth-er a minor or not . . . ." (Emphasis added.) The underlined words, which were

stressed in *Tharp,* were omitted by the Legislature in Section 14.05(b) of the Family Code. The latter also included new language tied to continuation of child support payments "after the 18th birthday," which was not contained in the repealed Article 4639a–1.

The adoption of these materially different provisions indicates legislative intent to change or clarify the previous law so that it could not be originally invoked on behalf of mentally or physically handicapped adults. The language of § 14.05(b) clearly limits the effect of the Act to a child who is found by the court to require continuous care and personal supervision because of the existence of mental or physical disability prior to reaching the 18th birthday. With the remainder of Subtitle A (Chapters 11–17) of the Family Code dealing only with children under 18 years of age, it is consistent that § 14.05(b) was drafted to apply only to those children who were under 18 when they qualified for support payments to be continued after their 18th birthdays.

Plaintiff presents an alternative argument that her motion might be treated as "a further proceeding in a pending action" which could be decided under the terms of Article 4639a–1 rather than § 14.05(b) of the Family Code. Assuming, but not conceding, that the Court of Civil Appeals' interpretation of the Family Code is correct, plaintiff contends that the trial court was authorized under Subsection (a) of the Enactment Clause of Title 2 of the Texas Family Code to apply pre-existing law when in its opinion application of the new Act "would not be feasible or would work injustice." [4] Among other reasons, we disa-

---

**4.** The Enactment Clause of Title 2 of the Texas Family Code appears in Section 4 of Chapter 543, Acts of the 63rd Leg., 1973, and a copy precedes Chapter 11 of Vernon's Annotated Texas Family Code, Vol. 2, p. 3. It reads:

"(a) This Act takes effect on January 1, 1974, and governs all proceedings, orders, judgments, and decrees in suits and actions brought after it takes effect, and also all further proceedings in actions then pending, except to the extent that in the opinion of the court its application in an action pending when this Act takes effect would not be feasible or would work injustice. All things

properly done under any previously existing rule or statute prior to the taking effect of this Act shall be treated as valid.

"(b) Any action or suit commenced after January 1, 1974, that has as its object the modification of an order, judgment, or decree entered prior to January 1, 1974, but which under this Act would be a suit affecting the parent-child relationship, is governed by the provisions of this Act, and shall be treated as the commencement of a suit affecting the parent-child relationship in which no court has continuing exclusive jurisdiction."

gree with this alternative argument because Subsection (b) of the Enactment Clause, rather than Subsection (a), is applicable to plaintiff's action. Her action was commenced after January 1, 1974, and "has as its object the modification of an order, judgment, or decree entered prior to January 1, 1974, but which under this Act would be a suit affecting the parent-child relationship." Under the holding of this Court in *Curtis v. Gibbs*, 511 S.W.2d 263 (Tex.1974), plaintiff's action is a new suit governed by the provisions of the Family Code. Therefore, § 14.05(b) of the Code is applicable rather than pre-existing law. We also held in *Gibbs, supra*, that under Subsection (b) of the Enactment Clause, "No court could have 'continuing jurisdiction' based on its jurisdiction of any suit in which final judgment was entered prior to January 1, 1974."

Nothing herein should be interpreted as prejudicing the right of Diana Red, or any proper person acting in her behalf, to seek support from her parents, or either of them, under Section 423 of the Texas Probate Code or any other applicable law.

The judgments of the courts below are affirmed.

POPE, Justice, dissenting.

The dissenting opinion filed March 9, 1977, is withdrawn and this opinion is substituted.

What did the legislature want to accomplish by enacting article 14.05(b) which authorized continued parental support for a child over eighteen who suffers from a mental or physical disability? That is our question. The facts are few and simple. On May 29, 1963, Alice and George Red were divorced. Their daughter, Diana, was at the time, fourteen years old. Diana was then and has been since, physically and mentally handicapped. The divorce decree ordered that Mr. Red pay two hundred dollars per month for child support "beginning July 1, 1963, until the said Diana Red reaches the age of eighteen (18) years." Diana became eighteen on July 9, 1966. Mr. Red continued to support Diana until she reached twenty-five. When he stopped his payments, this suit was filed seeking support under article 14.05(b) of the Family Code. The trial court and the court of civil appeals have ruled that the divorce court exhausted its jurisdiction when Diana reached eighteen. 536 S.W.2d 431. In my opinion, that result thwarts a long history of a contrary legislative intent.

*The History of Child Support Statutes*

Prior to 1935, there was no statute which authorized the divorce court to provide for child support orders as a part of a divorce decree. The court, however, recognized the parent's duty of support and devised their own procedure for providing it. It was in this context that the courts from a very early period held that child support was a factor that judges should consider in dividing the estate of the parties. The courts also created the device of placing property in trust as a means to afford child support from the revenues. *Hedtke v. Hedtke*, 112 Tex. 404, 248 S.W. 21 (1923); *Rice v. Rice*, 21 Tex. 58 (1858); *Fitts v. Fitts*, 14 Tex. 443 (1855).

In 1935, the legislature for the first time authorized divorce courts to inquire into the financial circumstances of the family and to order child support in the decree. Tex. Laws 1935, ch. 39, § 1 at 111. The legislation was codified as article 4639a. In 1953, the statute was amended to extend the support period from age sixteen to age eighteen. Tex.Laws 1953, ch. 127, § 1, at 439.

In 1961, the legislature again expressed its special concern for physically or mentally unsound children. Tex.Laws 1961, ch. 31, § 1, at 135. The law was codified as article 4639a–1 and became effective on November 6, 1961. It provided that divorce courts could order support for such a child "*whether a minor or not*, subject to the power and authority of the Court to alter, change, suspend or otherwise revise its judgments as the facts and circumstances may require . . . ." (emphasis added).

For the first time, the legislature authorized divorce courts to make provision, not only for minors up to a stated age, but for "continued" support beyond majority and "whether a minor or not."

While article 4639a–1 was in force, the case of *Tharp v. Tharp*, 438 S.W.2d 391 (Tex.Civ.App.1969, writ dism'd) arose. The sequence of events in *Tharp* parallel the facts of the present case. The Tharps were divorced on June 17, 1960. At that time article 4639a–1 had not been enacted, the decree, consequently, made no provision for support of Peter Tharp, an incompetent child. In 1961 when Peter was thirteen years old, that statute became effective. The father made his support payments under the court order until Peter reached eighteen and then he stopped. There was no order by the trial court that payments should be continued after Peter reached eighteen. This is the same thing that has happened in the case of Mr. Red. Three months after Peter reached age eighteen, his mother returned to the trial court seeking an order for continued support for her incompetent child. The reasoning in *Tharp* for imposing upon the father the duty of continuing support for his disabled child is:

> Here the statute became effective in 1961, but Peter Tharp did not reach 18 until 1966. Also, the disability and required custodial care is shown to have existed continuously since about 1952, and appellant knew it. This disability did not originate after the child became 18 years of age, and we do not believe the trial court lost jurisdiction of the case when Peter Tharp became 18. The statute itself provides that the court may require and enforce support payments for such disabled child "whether a minor or not."

We do not believe the Legislature intended that Art. 4639a–1 receive a restrictive and technical application. On the other hand the statute should receive a liberal interpretation to insure that its just purpose is effective and meaningful. We need not labor the question. We hold that the statute, under the facts of this case, is applicable and fully effective to require that appellant continue support of his unmarried, physically and mentally unsound child, requiring custodial care, and who cannot adequately take care of or provide for himself and who is without property or income sufficient to provide for his reasonable and necessary care. At 394–395.

A like holding is found in *McGowen v. McGowen*, 273 S.W.2d 658 (Tex.Civ.App. 1954, writ dism'd). A divorce decree ordered the support of a child until she reached sixteen. Before she reached sixteen, the legislature amended article 4639a by authorizing support up to age eighteen rather than sixteen. After the child reached sixteen, a motion was filed to compel support up to age eighteen. The court ruled that the duty of support came into existence by statute before the child reached sixteen and granted the relief. *See also Du Pre v. Du Pre*, 271 S.W.2d 829 (Tex.Civ.App.1954, no writ).

It is acknowledged that Mr. Red was under the duty to support Diana under the provisions of article 4639a–1 and the precedents which construed that statute. The holding, however, of the majority is that the legislature intended by the enactment of section 14.05 of the Family Code, effective January 1, 1974, to repeal the duty and to set aside *Tharp v. Tharp* and similar cases.

### *The Family Code Carried Forward the Duty To Support Incompetent Children*

The majority has found on the face of section 14.05 [1] an intent on the part of the

---

1. § 14.05. Support of Child

    (a) The court may order either or both parents to make periodic payments or a lump-sum payment, or both, for the support of the child until he is 18 years of age in the manner and to the persons specified by the court in the decree. In addition, the court may order a parent obligated to support a child to set aside property to be administered for the support of the child in the manner and by the persons specified by the court in the decree.

legislature to change the meaning of the continuing duty spelled out by article 4639a–1.[2] The difference, notes the majority, is that article 4639a–1 imposed the duty of support for an incompetent child "whether a minor or not," whereas section 14.05 of the Family Code omitted those words. Indeed, the Code omits those words but imposes the same duty by stating that support may continue "after the 18th birthday" and "for an indefinite period" thereafter. With respect, I suggest that the meaning of the words is the same. It is the heavy burden of the majority to show that support required both before age eighteen and after eighteen for an indefinite time means something different from "whether a minor or not." The Family Code made two other changes in the prior law showing that the legislature intended to relax the conditions to the award of support by the earlier statute. The Family Code eliminated the requirement in article 4639a–1 for "custodial care," by substituting an express provision for entitlement to support after eighteen "whether institutionalized or not." The Family Code eliminated the other requirement that the court must act only upon "full and satisfactory evidence."

One must look hard in the face of these facts to find any legislative intent for the majority's strict construction and retrenchment from the direction of the earlier law. In fact, one must ignore section 3.01 of article 5429b–2 which was the rule of construction intended by the Code Construction Act at the time the Family Code was enacted. That section says:

In enacting a statute, it is presumed that:

  (3) a just and reasonable result is intended;

  (4) a result feasible of execution is intended; and

  (5) public interest is favored over any private interest.

The majority construes the word "child" as used in section 14.05 to mean a person less than eighteen. This construction raises more problems than it solves. The holding is inconsistent with the meaning of "child" as used in section 12.04 which says that "the parent of a child has the following rights, privileges, duties and powers: (9) the right to inherit from and through the child . . . ." The majority's construction would deny the right to inherit from one who is more than eighteen. Section 13.21 concerns voluntary legitimation. It begins:

  (a) If a statement of paternity has been executed by the father of an illegitimate child, the father or mother of the child . . . may file a petition for a decree designating the father as a parent of the child.

The majority to be consistent would say a person beyond eighteen is not a child and the legislature having used the word "child" did not intend to afford legitimation procedures for one who is beyond eighteen. Section 14.08 of the Family Code authorizes modification of orders concerning a child. Under the majority view, even if the court had ordered Diana's support as an incompetent before she reached age eighteen, the court could not have modified that order

  (b) If the court finds that the child, whether institutionalized or not, requires continuous care and personal supervision because of a mental or physical disability and will not be able to support himself, the court may order that payments for the support of the child shall be continued after the 18th birthday and extended for an indefinite period.

2. Art. 4639a–1. Children Requiring Custodial Care

  In addition to all other requirements, each petition for divorce shall further set out, if such is a fact, that (1) an unmarried child, born of the marriage sought to be dissolved, is physically or mentally unsound and re-

quires custodial care, and (2) that such child cannot adequately take care of or provide for himself, and (3) that such child has no personal estate or income sufficient to provide for his reasonable and necessary care. If the Court shall find all of such has been proven by full and satisfactory evidence the Court may require and enforce support payments for such child, whether a minor or not, subject to the power and authority of the Court to alter, change, suspend, or otherwise revise its judgments as the facts and circumstances may require and in the manner required by law.

after age eighteen because she was no longer a "child." The court has extracted a narrow meaning from the word that the legislature nowhere indicates it intended.

The majority's construction of article 14.05 is troublesome in other ways. The majority holds that parents must hurry to the divorce court before a child reaches age eighteen because, absent an order before that age, there is nothing to continue. Children must develop their mental or physical disability before eighteen because if they unfortunately develop the handicap at age nineteen, they do not qualify for help. If a parent amicably agrees to support a child until the child reaches age eighteen, as Mr. Red did, and there is no prior support order which may be continued, the parent supplying the support may stop and the court is left powerless to require future payments.

The majority opinion suggests that Diana has a remedy through section 423, Probate Code. The argument begs the question and is indeed a harsh construction for the denial of relief under the Family Code. Section 423 authorizes repeated suits for debt against a parent who has refused to reimburse the state for its expenses in providing institutional care for an incompetent child. *State v. Stone*, 271 S.W.2d 741 (Tex.Civ. App.1954, no writ).

*The Trial Court Had Jurisdiction to Order Support For an Over-Eighteen-Year-Old Child Who Was Incompetent*

The majority says that section (b) of article 14.05 could not become operative without a prior order for support under section (a), that without an order of a court prior to a child's reaching eighteen there can be none thereafter. I find nothing in section 14.05 which makes the duty in section (b) conditioned upon a prior order under section (a).

Support for Diana is now denied because the judgment which provided support under article 14.05(a) has become final, according to the court's opinion. She would have been better off if her father had not voluntarily provided her support. There was no reason to litigate what the father acknowl-

edged was his duty, so time passed until Diana became eighteen and was still incompetent. One does not lose his statutory rights merely because they are not asserted in limine in the divorce action. In *Slattery v. Hatmaker*, 255 S.W.2d 334 (Tex.Civ.App. 1953, no writ), a divorce was granted in which no mention was made of a child. Judge Norvell writing:

> Appellant contends that the trial court was without authority to order him to pay child support money, in that such order was in the nature of an attempt to amend the original decree of divorce which had theretofore become final.

> \* \* \* \* \* \*

> However, this Court has held that the fact that the original divorce decree failed to award support money did not deprive the court of authority to thereafter do so. *Tipton v. Lester*, Tex.Civ. App., 178 S.W.2d 580, following *Townsend v. Townsend*, Tex.Civ.App., 115 S.W.2d 769.

The judgment concerning support was not final after Diana reached eighteen. The majority cites three cases for its holding that the divorce decree was final. *Ex parte Williams*, 420 S.W.2d 135 (Tex.1967), and *McCullough v. McCullough*, 483 S.W.2d 869 (Tex.Civ.App.1972, no writ), concerned normal children and of course there was no duty to support after age eighteen and the judgments were final. *Ex parte Hatch*, 410 S.W.2d 773 (Tex.1967), however, is precedent against the majority statement of the rule. I respectfully state that the majority opinion takes quotations out of context and omits the following controlling facts: The divorce in that case was granted on October 28, 1958. It ordered support for two children, one of whom was incompetent. At that time article 4639a–1 providing for support for incompetent children over eighteen had not been enacted. Quoting the relevant facts from the opinion itself, "At the date of divorce Carna Mary was 16 years old. *At the date Article 4639a–1 became effective she was 19 years old.*" (emphasis added).

The incompetent child, in *Hatch*, was already more than eighteen years old when the statute requiring support for an over-eighteen incompetent child first became effective. The quotations in the majority opinion take on a different meaning in this factual context. The supreme court considered these facts important enough to mention them four times saying:

> The question presented is whether the statute (art. 4639a–1) applies to an attempted modification of a prior divorce decree where the child in question *was already 18 or more years of age at the time the statute became effective.* . . These cases do not hold that a child support order may be modified and thereafter enforced by contempt when the court has lost continuing jurisdiction thereof *before enactment of the statute* (article 4639a–1). . . . We therefore hold that Article 4639a–1 does not confer jurisdiction upon the trial court to modify support orders to conform to its provisions, and require and enforce support payments for children requiring custodial care *who were already 18 years of age when the statute became effective.* . . The Court of Civil Appeals held that the trial court had jurisdiction of the subject matter of the motion, under the provisions of Article 4639a–1, without mentioning the fact that the child in question *must have been at least 18 years of age when the statute became effective on November 6, 1961.* (emphasis added).

The holding in *Hatch* was that a parent could not enforce by contempt a failure to provide support for an incompetent child who was more than eighteen years old before the effective date of article 4639a–1 which for the first time established such a duty. The court made this clear by disapproving *Cuellar v. Cuellar,* 406 S.W.2d 510 (Tex.Civ.App.1966, no writ), which was a case in which the child was already nineteen when the statute became effective.

In *Hatch* and *Cuellar,* there was no statutory duty in being when the child reached age eighteen. The application of article 4639a–1 required a retroactive application of a duty which did not exist when the child reached eighteen. In this case, article 4639a–1 was already effective in 1963 at the time of the divorce. Diana Red was then fourteen years old. The statutory duty existed before age eighteen and continued thereafter. There has never been any contention that the duty of support under either article 4639a–1 or the Family Code had to be retroactively applied. *In re Hatch* has been misread and misapplied.

I would reverse the judgments of the courts below which dismissed this cause for want of jurisdiction, order the cause reinstated upon the docket of the trial court, and remand it for trial.

STEAKLEY, McGEE and YARBROUGH, JJ., join in this dissent.