Kay LaJuan FULLERTON, Appellant,

v.

Gary Alton HOLLIMAN, Appellee.

No. 11–86–125–CV.

Court of Appeals of Texas, Eastland.

Nov. 13, 1986.

Rehearing Denied Dec. 4, 1986.

Frank D. Scarborough and Allen Dozier, Glandon, Erwin, Scarborough, Baker, Choate & Arnot, Abilene, for appellant.

Malcolm Schulz, Schulz & Robertson, Abilene, for appellee.

OPINION

DICKENSON, Justice.

Kay LaJuan Holliman [Fullerton] and Gary Alton Holliman were divorced on March 1, 1984, by a decree which appointed Kay as managing conservator of their child

[Paige Elaine Holliman, a female who was born on February 2, 1968] and which ordered Gary to pay child support "until the date Paige Elaine Holliman reaches the age of eighteen (18) years or is otherwise emancipated." Gary made all of the child support payments required by the trial court's order. On February 18, 1986 [16 days after the child's eighteenth birthday], Kay filed her motion to modify the original divorce decree seeking child support payments until the child graduates from high school [four months]. Gary's answer to the motion urged that the motion to modify be dismissed for want of jurisdiction. The trial court dismissed the motion to modify. Kay appeals. We affirm.

Appellant presents a single point of error. She argues that the trial court erred in dismissing her motion to modify on the basis that the court did not have jurisdiction to hear it. We overrule this point of error because our reading of *Red v. Red*, 552 S.W.2d 90 (Tex.1977), convinces us that the trial court's ruling was correct.

While *Red* dealt with Subsection (b) [child requiring continuous care and supervision because of mental or physical disability] and our case deals with Subsection (a) [child enrolled in a program leading to a high school diploma][1] of TEX.FAM.CODE ANN. sec. 14.05 (Vernon 1986), both cases sought modification of the court of continuing jurisdiction's order for child support payments. The Supreme Court said in *Red v. Red*, supra at 92:

> Section 14.08 of the same Act, which authorizes modification of child support orders under certain circumstances, provides that, "A court order or the portion of a decree that provides for the support of a child ... may be modified only by the filing of a motion in the court having jurisdiction of the suit affecting the parent-child relationship."

\* \* \* \* \* \*

As to child support, that judgment was fully performed and discharged ... when (the child) reached the age of 18 years. *Subsequent thereto the divorce court ceased to have jurisdiction over the subject matter.* (Citations omitted) Thereafter there was no pending order subject to modification under Sections 14.05 and 14.08 of the Family Code. (Emphasis added)

*Red* then holds that the grounds for continuing court-ordered child support payments beyond the age of 18 must exist and must be invoked before the child becomes an adult.

See also *Ex parte Boemer*, 711 S.W.2d 406 (Tex.App.—Dallas 1986, original proceeding), which holds that the trial court is no longer the court of "continuing, exclusive jurisdiction" under TEX.FAM.CODE ANN. sec. 11.05 (Vernon 1986) after the child becomes an adult and that, consequently, the court did not have jurisdiction to modify its prior order.

The trial court's order of dismissal for want of jurisdiction is affirmed.

---

**1.** The duty of parents to support their children until they finish high school became effective on September 1, 1985. See Act of May 24, 1985, ch. 183, secs. 1–4, 1985 TEX.GEN. & SPEC. LAWS, p. 750, which amended Sections 4.02 and 14.05 of the Texas Family Code. The child support order in this case could have been modified after this statute became effective and prior to the child's eighteenth birthday, when the decree was "fully performed and discharged."