**Larry Gene COUSER, Appellant,**

v.

**Sandra Sue STANTON, Appellee.**

**No. 04–86–00216–CV.**

Court of Appeals of Texas,
San Antonio.

Dec. 31, 1986.

Ben House, Corpus Christi, for appellant.

Walter R. Long, Jr., Long & Whitehead, Karnes City, for appellee.

Before BUTTS, REEVES and CHAPA, JJ.

**OPINION**

BUTTS, Justice.

This is an appeal from an order requiring appellant, Larry Gene Couser to pay child support to his daughter, Debbie Sue Couser, for the months of April and May, 1986. The order appealed from modified a prior order which required appellant to pay child support to the daughter until her eighteenth birthday.[1] Debbie turned eighteen on October 27, 1985. However, the order appealed from was not entered until April 8, 1986. Therefore, we hold that the court was without authority to enter the order because it lost jurisdiction on October 27, 1985, when the daughter became eighteen. *See Red v. Red,* 552 S.W.2d 90 (Tex.1977); *Fullerton v. Holliman,* 721 S.W.2d 478 (Tex.App.—Eastland, 1986, no writ).

The Supreme Court held in *Red, supra* at 92:

---

**1.** *See* TEX.FAM.CODE ANN. § 14.05(a) (Vernon    1986).

Section 14.08 of the same Act, which authorizes modification of child support orders under certain circumstances, provides that, 'A court order or the portion of a decree that provides for the support of a child ... may be modified only by the filing of a motion in the court having jurisdiction of the suit affecting the parent-child relationship.'

\* \* \* \* \* \*

As to child support, that judgment was fully performed and discharged ... when (the child) reached the age of 18 years. Subsequent thereto the divorce court ceased to have jurisdiction over the subject matter. (Citations omitted). Thereafter there was no pending order subject to modification under §§ 14.05 and 14.08 of the Family Code.

*Id.*

Therefore, under *Red,* the grounds for continuing court ordered child support payments beyond the age of 18 must exist and must be invoked *before* the child becomes an adult. The judgment of the trial court is therefore reversed and rendered for want of jurisdiction.