Patricia G. ADKINS, Appellant,

v.

Fitzhugh Lee ADKINS, Jr., Appellee.

No. 08–87–00149–CV.

Court of Appeals of Texas,
El Paso.

Dec. 31, 1987.

Rehearing Denied Jan. 27, 1988.

Corey W. Haugland, Grambling & Mounce, El Paso, for appellant.

Sheral K. Peterson, Scruggs & Peterson, El Paso, for appellee.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

OSBORN, Chief Justice.

May a divorced parent, as guardian of an adult dependent son, obtain support from the other parent under the provisions of the Texas Probate Code, Section 423? We believe the question should be answered in the affirmative.

Patricia and Fitzhugh Adkins, Jr., were divorced in 1984. Their son, Fitzhugh Lee Adkins, III, has had brain damage since his birth in 1952 and has the mental capacity of a twelve-year-old child. He is unable to support himself. The father was ordered in the divorce decree to pay $150.00 per month for support of his dependent adult son. On appeal this Court, in an unpublished opinion, held that a trial court may not for the first time order the payment of support for a dependent person who is over eighteen years of age and no longer a "child" within the meaning of the Texas Family Code. See: Tex.Fam.Code Ann. sec. 14.05(b), and *Red v. Red,* 552 S.W.2d 90 (Tex.1977).

In *Red v. Red, supra,* the dependent daughter had been placed in an institution for handicapped children. Although the Court affirmed the order of dismissal of that case in which the mother sought to obtain support of a physically and mentally handicapped twenty-six-year-old daughter, it said its decision was without prejudice to further claims under Section 423 of the Texas Probate Code. This Court used similar language in its earlier disposition of the appeal in the divorce case.

The mother, as guardian, then filed this suit seeking support under the Texas Probate Code. The trial court denied recovery. It found that the son was not employable due to his disabilities but not in need of institutionalization. The court found that he had a small estate with some income and concluded that the mother was capable of supporting her son and that she could not seek relief under Section 423 of the Texas Probate Code. The evidence established that the mother, who has custody of her son, is employed with a regular income and that the father has received some earnings since the time of the divorce and in addition receives monthly social security payments.

█ Initially, we conclude that our prior judgment is not res judicata of the rights between the parties in this case. The divorce suit was between the parents in their individual capacities. Mrs. Adkins, who now sues as the guardian of the person and estate of Fitzhugh Lee Adkins, III, was not appointed to so act until after the granting of the divorce decree. Her suit as an individual does not bar her claim in a representative capacity. (See: *Clark v. Amoco Production Co.,* 794 F.2d 967 (5th Cir. 1986)). Our prior opinion expressly reserved that right. Point of Error No. Two is sustained.

█ In the case of *Red v. Red, supra,* the court said:

There can be no doubt of the obligation of a financially able father or mother of an incompetent unmarried person to maintain the incompetent, whether a minor or an adult.

A footnote reference was to Section 423 and Section 108 et seq., Texas Probate Code. A review of Chapter IX of the Tex-

as Probate Code (Sections 415–416), and particularly Sections 422 and 424, appears to indicate a legislative intent to provide for those persons requiring confinement. The placement of Section 423 would seem to indicate who is responsible for the cost of such confinement, although the section certainly is not specifically limited to that type of maintenance alone. In *Red v. Red,* *supra,* the Court was deciding a case where the daughter had been placed in an institution, but its general statement about the obligation to support is not restricted to incompetent persons who are institutionalized.

While there remains a need for the legislature to amend Section 14.05 of the Texas Family Code and provide for support by parents of physically and mentally incompetent children regardless of age, we conclude this obligation, as recognized in *Red v. Red, supra,* may be enforced by a guardian under Section 423 of the Texas Probate Code. We also conclude that the qualifying language in that section that an "incompetent has no estate" must necessarily mean "no adequate estate."

In this case the trial court found that the son has an estate which includes a life estate in a house which generates rental income of $300.00 per month and, in addition, a trust with a balance of approximately $10,000.00. The court also found that the mother is capable of supporting her son by herself. But, there is no finding whether the father is able to provide support, a condition imposed under Section 423(b), Texas Probate Code. If not, support could not be ordered. If he is able to do so the court should require some, but not necessarily equal, support payments from each parent. The payments should be based upon the son's necessary requirements for support and each parent's liability to provide that support. We sustain Points of Error Nos. One and Three.

The judgment of the trial court is reversed and the case is remanded to the trial court.