**In the Matter of the MARRIAGE OF Robert D. BURRELL and Katherine Ruth Burrell.**

**No. 07–87–0059–CV.**

Court of Appeals of Texas, Amarillo.

March 7, 1988.

Rehearing Denied April 4, 1988.

O.M. Calhoun, Hinkle, Cox, Eaton, Coffield & Hensley, Amarillo, for appellant.

Mark M. Buzzard, Buzzard Law Firm, Pampa, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

This appeal requires us to determine whether in a divorce action filed after the spouses' mentally retarded daughter became 18 years of age, the trial court had jurisdiction to order, as the court did, a parent to contribute monetarily to the support of the mentally retarded adult daughter. We conclude that the court has not been invested with that jurisdiction in a divorce proceeding. Affirmed in part; reversed and rendered in part.

Robert D. Burrell petitioned for a divorce from Katherine Ruth Burrell, alleging that no child under 18 years of age was born to, adopted by, or expected from the marriage, and that it was believed an agreement for the division of their estate would be made. Katherine cross-petitioned for a divorce and, in addition to asserting allegations similar to those made by Robert, she alleged that the parties are the parents of Glenda Kaye Burrell, shown by the record to be almost 28 years of age, who is mentally retarded, is unable to support herself, and is dependent on her parents for maintenance and support, which enables the court to require periodic support payments pursuant to section 14.05(b) of the Texas Family Code.

Robert filed a plea to the jurisdiction of the court and a special exception to Katherine's pleadings. By his filing, Robert

expressed that the court did not have jurisdiction to order support for the adult daughter, and that Katherine's pleading for that relief should be stricken because the daughter is neither a party to the suit nor represented by next friend therein. The court held a hearing and denied the plea to its jurisdiction and the special exception.

After a bench trial, the court rendered judgment decreeing a dissolution of the Burrells' marriage and a division of their estate. Specifically finding that it had jurisdiction over Glenda, the "unemancipated, handicapped child of the parties," who "is twenty-eight (28) years old and requires continuous care and personal supervision because of a mental disability and will not be able to support herself," the court made orders for her support.

The court ordered that Robert pay $200 per month until the further order of the court or until Glenda no longer requires continuous care and personal supervision because of her mental disability, or is able to support herself, or marries. The court also ordered Katherine to contribute direct support to Glenda by providing her with necessities totaling $200 or more each month.

Aggrieved by the order for his monetary contribution to Glenda's support, Robert brought this appeal with six points of error. By his points, he advances the contentions that the trial court erred in (1) overruling his plea to the jurisdiction, and (2) concluding as a matter of law that it had jurisdiction; (3) finding that Glenda required continuous care and personal supervision because there was no evidence, or (4) insufficient evidence to support the finding; (5) basing its judgment on the finding that Glenda is "unable to support herself;" and (6) overruling his special exception that Glenda was not made a party to the action personally or by next friend.

The first two points of error pose the question, joined in the trial court, whether section 14.05(b) of the Texas Family Code vests the trial court with jurisdiction to order, in a divorce decree, parental support for a mentally disabled son or daughter who had reached the age of 18 before the divorce action was filed. The section, following the section 14.05(a) authorization for court-ordered child support until the child is at least 18 years of age, provides that:

If the court finds that the child, whether institutionalized or not, requires continuous care and personal supervision because of a mental or physical disability and will not be able to support himself, the court may order that payments for the support of the child shall be continued after the 18th birthday and extended for an indefinite period. The court may enter an order under this subsection only if a request for an order of extended support under this subsection has been made in the original suit, a petition requesting further action under Section 11.07, or a motion to modify under Section 14.08 of this code filed before the child's 18th birthday.

Tex.Fam.Code Ann. § 14.05(b) (Vernon 1986). The first sentence of the section was contained in the enactment of Title 2 of the Texas Family Code by the 63rd Legislature in 1973. Act of June 15, 1973, ch. 543, § 1, 1973 Tex.Gen.Laws 1412, 1424. The last sentence was added by the 69th Legislature in 1985. Act of June 15, 1985, ch. 802, § 10, 1985 Tex.Gen.Laws 2841, 2844.

Robert contends that section 14.05(b) authorizes the trial court to order support for a mentally or physically disabled child to extend beyond the child's 18th birthday only if the request therefor is filed before the child's 18th birthday in the original suit, or in a section 11.07 petition, or in a section 14.08 modification motion. Interpreting the section differently, Katherine submits that the court is allowed to order the support when the request is made either:

(1) in the original suit (where her request was made), or

(2) in the petition for further action under section 11.07 of the Code, or

(3) in a motion to modify under section 14.08 of the Code filed before the child's 18th birthday.

This interpretation flows from the positions of the commas and the disjunctive "or" in the second sentence of section 14.05(b), the arrangement being viewed as setting forth three distinct occasions when the trial court possesses subject matter jurisdiction. To the contrary, Robert maintains that the disjunction sets apart the jurisdictional occasions only when the phrase "filed before the child's 18th birthday" is grammatically appended to each occasion.

The susceptibility of the statute, a section of the Texas Family Code, to different interpretations requires us to determine the legislative intent of its force from a general view of the entire enactment. Conceptually, the Code is a codification of existing statutory and case law with changes to meet notions of current societal conditions.

Texas courts have long recognized, and enforced, the obligation of divorced parents to support their children "in their helplessness and infancy." *Rice v. Rice,* 21 Tex. 62, 71 (1858). However, the Legislature did not address the matter until 1935. Then, being troubled because "divorce cases are being tried without any concern as to babies and children of tender years" and because "many parents ... seem to think that a divorce from the other is a divorce from the babies also," the Legislature moved to statutorily authorize courts to provide for child support in a divorce decree. Act of March 19, 1935, ch. 39, 1935 Tex.Gen.Laws 111.

The statute, providing support authorization until the child shall have reached the age of 16 years, was codified as article 4639a of the Texas Revised Civil Statutes Annotated. By an amendment to the statute in 1953, the age for support was extended to 18 years. Act of May 14, 1953, ch. 127, § 1, 1953 Tex.Gen.Laws 439.

Later, during the First Called Session of the 57th Legislature in 1961, the Legislature, concerned "that at the present time there is no provision for the continued support of children needing custodial care," authorized the courts to "require [in a divorce decree] and enforce support payments for such child, whether a minor or not." Act of Aug. 18, 1961, ch. 31, § 1, 1961 Tex.Gen.Laws 135. This enactment was codified as article 4639a–1 of the Texas Revised Civil Statutes Annotated (Vernon Supp.1962).

However, upon enactment of Title 2 of the Family Code effective 1 January 1974, articles 4639a and 4639a–1, as amended, were repealed. Act of June 15, 1973, ch. 543, § 3, 1973 Tex.Gen.Laws 1412, 1458. The subject matters of the repealed articles were included in section 14.05 of Title 2, purposed toward the well-being of children through the timely fulfillment of parents' obligation to support their children.

To this end, subsection (a) of section 14.-05 replaced the former article 4639a, and authorizes the court to order in the divorce decree either or both parents to make payments "for the support of the child until he or she is 18 years of age." As recently amended in 1987, this subsection now provides that the court of continuing jurisdiction may, by modification of an existing order or entry of a new order, extend child support beyond the child's 18th birthday, whether the request therefor is filed before or after the child's 18th birthday, "if the child is fully enrolled in an accredited secondary school in a program leading toward a high school diploma." Tex.Fam.Code Ann. § 14.05(a) (Vernon Supp.1988).

Subsection (b) of section 14.05, the meaning of which is questioned in this appeal, superceded the former article 4639a–1, and was originally enacted as a one-sentence provision, which is the first sentence of the present subsection (b). Omitted were the words "whether a minor or not" that were contained in the repealed article. As then constituted, section 14.05(b) was held to indicate legislative intent to change the previous law of article 4639a–1 so that the present law could not be originally invoked on behalf of mentally or physically handicapped adults, but would apply only to a child who had not reached the 18th birthday when the child qualified, by reason of requiring continuous care and personal supervision because of a mental or physical disability, for support payments to be continued after the 18th birthday. *Red v. Red,*

552 S.W.2d 90, 94 (Tex.1977). As a necessary corollary of that holding, the court held, albeit not specifically stating, that for payments to be continued after the child's 18th birthday, they must be ordered before the child becomes 18 years of age. *Id.* at 93–94, 98. In so holding, the Court recognized that other laws imposed on a financially able parent the obligation to maintain the incompetent unmarried, adult offspring. *Id.* at 91, 95. *Accord, Young v. Young,* 609 S.W.2d 758, 759–60 (Tex.1980).

In connection with his view of section 14.05(b), Robert suggests that after the 1977 decision in *Red,* the statute was amended, by adding the second sentence in 1985, so that if any action—*i.e.,* an original suit, a petition requesting further action under section 11.07, or a motion to modify under section 14.08—is commenced before the child reaches 18, then the court retains jurisdiction to enter an order requiring support after the child's 18th birthday. Katherine, however, proposes that the amendment was prompted by the dissenting opinion in *Red,* and was designed to ameliorate the harshness of the *Red* holding by conferring, consistent with the section 14.05(a) provision for child support through high school regardless of the child's age, the right to ordered parental support for a disabled child which is requested in the original suit filed after the child's 18th birthday.

We are persuaded by controlling factors that Robert's view of section 14.05(b) is the correct one. Or stated another way, for the court to be vested with jurisdiction to order that the support payments shall be continued after the child's 18th birthday, the request therefor must be filed before the 18th birthday, although the order may be signed before or after the date the child becomes 18 years of age.

At the outset of undertaking a codification and modification of existing family law, the Legislature, echoing earlier stated concerns, expressed that "[e]ach spouse has the duty to support his or her minor children." Tex.Fam.Code Ann. § 4.02 (Vernon 1975). Subsequently in 1985, the Legislature enlarged the expression to pro-

claim that "each parent has the duty to support his or her child, during the period that the child is a minor, and thereafter so long as the child is fully enrolled in an accredited primary or secondary school in a program leading toward a high school diploma, until the end of the school year in which the child graduates." Tex.Fam.Code Ann. § 4.02 (Vernon Supp.1988).

The Legislature's meaning of a child who is a minor is defined, in the Title 2 codification and modification of existing laws concerning the parent-child relationship, as "a person under 18 years of age who is not and has not been married or who has not had his disabilities of minority removed for general purposes." This definition remains constant unless a different definition is required by the context of the Code, for in using the word "adult," the Legislature "means any other person." Tex.Fam.Code Ann. § 11.01(1) (Vernon Supp.1988). The Legislature having defined the terms "child", "minor," and "adult," the definitions are binding on the courts. *Day & Zimmerman, Inc. v. Calvert,* 519 S.W.2d 106, 110 (Tex.), *cert. denied sub nom., Bullock v. Day & Zimmerman, Inc.,* 423 U.S. 832, 96 S.Ct. 54, 46 L.Ed.2d 50 (1975).

Obviously, then, the Legislature's continuing concern for the child of a marriage, and particularly one affected by a divorce action, is for his or her maintenance during his or her minority. Accordingly, the Legislature vested the court with jurisdiction in a divorce action to order either or both parents to make periodic payments, or a lump-sum payment, or both for one who is defined as a child.

The investment began in section 14.05(a), where the Legislature first authorized the court to provide for the support of the child until he or she is 18 years of age. Next, the Legislature, recognizing that a child fully enrolled in school seeking a high school diploma still requires parental maintenance, provided for extending child support past the 18th birthday of such child, whether the request for such support is filed before or after the 18th birthday.

The support of a mentally or physically disabled child requiring continuous care

and supervision was addressed in subsection (b), which necessarily is an extension of subsection (a). The first sentence of subsection (b) authorizes the court to order support payments for such child to be continued after the child's 18th birthday for an indefinite time. The second sentence, which was added in 1985 and is the focus of the dispute in this appeal, is predicated on the first-sentence provision, for it begins: "The court may enter an order under this subsection only if a request for an order of extended support under this subsection has been made...."

It cannot escape notice that in considering the two sentences of subsection (b) together, as they must be considered, the Legislature first speaks to the court's authorization to order that child support payments "shall be continued after the [child's] 18th birthday and extended for an indefinite period." Absent a legislative definition, the words "continued" and "extended" are accepted to express the meaning in which they are understood. *Satterfield v. Satterfield*, 448 S.W.2d 456, 459 (Tex.1969). Consequently, the Legislature used the word "continued" to mean "stretching out in time without interruption," and the word "extended" to mean "drawn out in length." Webster's Third New International Dictionary 493, 804 (1976).

Consistent with the meaning of the language employed in section 14.05(b), it is quite apparent that support payments could not "be continued" after and "extended" beyond the child's 18th birthday unless the child was qualified for the support payments before the child became 18 years of age. Thus, the logical import of the Legislature's meaning is: The court is authorized to order payments for the support of a mentally or physically disabled child requiring continuous care and personal supervision until the child reaches 18, but support payments "continued after" and "extended" beyond the child's 18th birthday can be ordered only if a request for the extended support is filed before the child's 18th birthday.

Giving this effect to the statute is harmonious with other principles. Before the Legislature added the second sentence in section 14.05(b), the *Red* court had construed the first-sentence provision to apply only to those children who were under 18 when they qualified for, and when the court had ordered, support payments to be continued after their 18th birthday. *Red v. Red, supra*, 552 S.W.2d at 92. In amending the statute by drafting the second sentence some eight years later, the Legislature was presumed to know of this judicial declaration of the condition of the law and to have acted with reference to it. *Allen Sales & Servicenter, Inc. v. Ryan*, 525 S.W.2d 863, 866 (Tex.1975). And by amending the statute, the Legislature intended to add to or change the existing law, and that effect must be given to the amendment. *San Antonio Conserv. Soc., Inc. v. City of San Antonio*, 455 S.W.2d 743, 746 (1970).

By leaving the first sentence of section 14.05(b) intact and making the added second sentence operationally dependent upon it, the Legislature indicated its approval of the *Red* court's interpretation that the first-sentence provision could not be originally invoked on behalf of mentally or physically handicapped adults, but applies only to a child who qualifies as such before his or her 18th birthday. *Love v. Wilcox*, 119 Tex. 256, 28 S.W.2d 515, 524 (1930). Otherwise, by its amendment the Legislature would have, as it did in amending section 14.05(a) in 1987, conferred jurisdiction on the court to order extended support when the request for it is filed after the child's 18th birthday.

Having confirmed that the statute is originally applied solely to a child before his or her 18th birthday, the Legislature had the right to prescribe, in connection with the confirmation, that the court's jurisdiction to order support payments continued after the child's 18th birthday and extended for an indefinite time could be triggered only by a request therefor filed before the child's 18th birthday. By doing so, the Legislature indicated its intent that once the court's jurisdiction was invoked by a timely request, the court retained juris-

diction to make the extended support order either before or after the child's 18th birthday. Thus, the amendment evinces legislative intent to change the previous law evolving from *Red* and followed by its progeny, such as *Attaway v. Attaway*, 704 S.W.2d 492 (Tex.App.—Corpus Christi 1986, *no writ*), that the order for extended support must be made before the child's 18th birthday.

Finally, to hold, as Katherine interprets the amended statute, that the request for extended payments is required to be filed before the child's 18th birthday only in a motion to modify under section 14.08, but that the request could be filed in the original action or in a petition for further action under section 11.07 regardless of the offspring's age, would ascribe to the Legislature an intention that parental support for a mentally or physically disabled offspring depended upon the type of action initiated. Implicit in that holding would be the imputation to the Legislature of doing an unjust or unreasonable thing, an unwarranted result when the statute is susceptible to a reasonable construction. *Anderson v. Penix*, 138 Tex. 596, 161 S.W.2d 455, 458–59 (1942).

We, thereupon, hold that section 14.05(b) does not confer jurisdiction upon the divorce court to order support payments for a mentally or physically disabled person who is over 18 years of age when the divorce action is filed. Since Glenda was almost 28 years of age when the original divorce action was filed, the court had no jurisdiction to provide for her support in its divorce decree. Consequently, Robert's first two points of error are sustained. The sustention of these points pretermits an address of Robert's other points because a decision on any of them is unnecessary to the proper disposition of this appeal. Tex.R.App.P. 90(a); *Cornell & Co. v. Pace*, 703 S.W.2d 398, 404 (Tex.App.—Amarillo 1986, *writ ref'd* n.r.e.).

Not overlooked is Katherine's contention that a construction of section 14.05(b) requiring, as we have held, that a request made in the actions mentioned for the extended support must be filed before the child's 18th birthday is against public policy for a number of reasons. The reasons given are echoes of an argument advanced for a different interpretation in the dissenting opinion in *Red v. Red, supra*, 552 S.W. 2d at 98, to which the Legislature has not affirmatively responded. Nor ignored is Katherine's denial of the efficacy of other laws obligating financially able parents to maintain their incompetent adult offspring. Yet, these considerations are a matter for the Legislature, not the court, for we must accept the statute as it is. *Simmons v. Arnim*, 110 Tex. 309, 220 S.W. 66, 70 (1920).

Accordingly, that part of the trial court's judgment ordering Robert D. Burrell to pay $200 per month toward the support of Glenda Kaye Burrell is reversed, and judgment is here rendered that Katherine Ruth Burrell take nothing by her action seeking this support. In all other respects, the judgment is affirmed.

Costs occasioned by this appeal are taxed against Katherine Ruth Burrell. Tex.R. App.P. 89.